GEORGIA M. ALLEN

*v.*

JACOB C. ALLEN, executor of Elijah P. Allen, deceased.

[Decided July 12th, 1909.]

1. At the time of making his will the testator's estate consisted of certain securities (bonds and mortgages) of which he thereafter died possessed. In the second item of his will he provided as follows: "I do give and bequeath unto my wife Georgia M. Allen, the sum of $17,000.00, to be paid to her out of the securities which I now hold, instead of cash." —*Held*, that the legacy is a specific one, and is to be paid out of the securities which came to the executor as part of the estate of the testator.

2. A specific legacy carries with it the income thereof from the death of the testator.

On motion to strike out bill.

*Mr. George M. Shipman,* for the motion.

*Mr. William H. Morrow,* contra.

WALKER, V. C.

The bill alleges that the complainant is the widow of Elijah P. Allen, who died January 14th, 1908, leaving a will in which appears the following item:

"*Second*—I do give and bequeath unto my wife, Georgia M. Allen, the sum of seventeen thousand dollars to be paid to her out of the securities which I now hold, instead of cash."

The third item is a bequest of $1,000 to the testator's niece, to be paid in like manner as the bequest to the wife in the second item. Following this bequest the testator gave to certain nephews and nieces, and to another person, legacies of $100 each. The residue of his estate he gave to his brother, the defendant, whom he constituted his executor, and ordered and directed him not to make or file any inventory or appraisement of his estate, and he, testator, assumed the power to provide that he, the executor, should not be required to file any account as executor in any court or place whatever. The will was executed November 30th, 1907, and was admitted to probate January 27th, 1908.

The bill further alleges that the testator left him surviving the complainant, his widow, but no child or children, his next of kin being the nephews and nieces mentioned in his will, and his brother the defendant; that at the time of his death the estate of the testator consisted of bonds secured by mortgages on real estate, all of which were at the time the testator made his will known to him to be good investments, and out of which he intended his executor, immediately after his death, to deliver to the complainant $17,000, principal sum, and that the executor could have, in that manner, discharged the bequest to the com-

plainant and also the one to his niece, and that there would have been left in his hands more than $6,000, principal of mortgages, after paying all debts, legacies, expenses of administration, and every other obligation against the estate of the testator at the time of his death—the total amount of bonds and mortgages left by him, principal sum, at the time of his death exceeding the amount of $26,000; that the will was made during the last illness of the testator, who was about seventy-nine years old, who did not expect to recover, and at a time when he did not contemplate making any change in his investments but fully intended that they should continue in the same securities in which they were; that the complainant had an income from the estate of her former husband, who left her a widow with one daughter, which income amounted to about $100 a year, and that in making the bequest to the complainant, her husband, the testator, had in mind that her income was insufficient for her support after his death, and that it was his purpose to make provision for her necessaries, and that he designed that the interest on the sum of $17,000 should begin to accrue for her benefit immediately after his death; that all the other legacies and bequests made by the will, and all debts and funeral expenses, have been paid and that there remains in the hands of the executor securities belonging to the estate amounting in value, principal sum, to $24,000 and upwards; that the executor has received and holds to his own use all the interest accruing on the securities of the estate at the time of the death of the testator, and all that has accrued since his death, and claims that the complainant is not entitled to the securities to the amount of $17,000, as they were held by the testator at the time of his death, but only to the sum of $17,000 in such securities at the end of one year from the death of the testator.

The prayer of the bill, as originally drawn, was that a decree might be made construing the will of the testator and directing that the complainant is entitled to receive the sum of $17,000 in the securities of the estate and in the hands of the executor which came to him after the death of the testator, together with the interest accruing thereon from and after his death, and with the interest on so much and such parts of the interest as the

executor has received since the death of the testator, now in his hands, and for other and further relief.

A motion is now made to dismiss the bill for the following reasons: *First,* because the court has no jurisdiction to make the decree prayed for, there being no prayer for any direction to the defendant named as executor or as an individual, the suit being brought, as appears by the allegations of the bill, for the mere purpose of interpreting the provisions of the will, without any further relief, and by the prayer the only relief sought is the counsel and advice of the court in the construction of a portion of the will, there being no prayer for any positive direction to the executor, or to the defendant named in the will as an individual. *Second,* because the name of the defendant as executor of the deceased is omitted from the prayer to answer, the bill alleging that the defendant has failed in his duty as executor, and the bill seeks a construction of the whole or a portion of the will; and because the prayer for subpœna is that the writ be issued to the defendant commanding him personally, and as executor of the deceased, to appear, there being no prayer that the defendant answer the bill or answer the interrogatories. *Third,* because there is no equity in the bill, the true construction of the will being that the legacy is not a specific legacy, and that the complainant is not entitled to have and receive from the executor the bequest in specie as it existed at the time of the death of the testator, and to include interest on the same from that time, but that the legacy is general or demonstrative and that the widow is entitled to be paid the sum of $17,000 from the estate of deceased out of the securities that were in existence at the death of the testator, with interest after one year from his death. *Fourth,* because the bill lacks equity, there being no allegations which entitles the complainant to any relief against the defendant or as executor of the deceased.

Before the hearing the complainant, on motion, and by leave of the court, amended the prayer for relief by inserting a prayer that the defendant, as executor, may be decreed to deliver to her securities of the estate of the testator that came to his hands after testator's death, to the amount, principal sum, of $17,000, together with interest thereon from his death, or, in case the

executor has collected the principal and interest, that he pay the sum or such parts thereof as he may have collected, to the complainant in cash.

This motion to strike out the bill is made under rule 213 of this court, and is equivalent to a demurrer. *Grey* v. *Greenville Railroad Co., 59 N. J. Eq. (14 Dick.) 372.* Like a demurrer the motion admits the facts well pleaded in the bill. This being so, the admission is that the testator died possessed of securities, being bonds and mortgages, of the value of $17,000, which were available to pay the legacy to the complainant in specie, which, being assigned to her, would have been interest drawing securities in her hands from the date of the testator's death, but that instead of satisfying her legacy in that way the executor has refused to make such settlement and claims the complainant is only entitled to $17,000 from the estate of the testator in securities, to draw interest from one year after the death of the deceased.

In the face of this declination of the executor, the court has the power, certainly under the amended prayer, to decree that the executor carry out the intention of the testator and deliver to the complainant securities of the estate which came to his hands in the principal sum of $17,000 so that she may receive interest thereon from the date of the testator's death, or, if the executor has received such interest, or any part of it, that he turn that over in addition. In this posture of the case I fail to see that the bill is one merely for a construction of the decedent's will without any direction to the executor to perform a duty. On the contrary, it seems to me, plainly, that the case is one for the direction to perform a duty following and arising out of a construction of the will, if that construction be favorable to the complainant. Besides, under our liberal practice of amendments, in a suit in equity, after issue joined and after witnesses have been examined, the complainant is permitted to amend by adding proper parties, where there is a defect of parties. *Seymour* v. *Long Dock Co., 17 N. J. Eq. (2 C. E. Gr.) 169.* Even on final hearing the complainant will be allowed to amend if thereby no right of defence is abridged. *Ogden* v. *Thornton, 30 N. J. Eq. (3 Stew.) 569.*

If the complainant had not amended her bill she would be permitted to do so now, to the end that the substance of the motion could be considered and the cause disposed of on its merits. If there remains any technical defect in the prayers amendment will be allowed.

This brings me to the consideration of the real question at issue, which is, is the legacy of the complainant a specific or demonstrative one?

As to whether a legacy is specific or demonstrative Vice-Chancellor Emery, in *Blair* v. *Scribner, 65 N. J. Eq. (20 Dick.) 498,* quotes from the decision of Chancellor Kent (at *p. 518*), as follows:

"The reasoning on this subject is, that if the legacy is meant to consist of the security, it is specific, though the testator begins by giving the sum due upon it. A legacy of a debt, unless there is ground for considering it a legacy of money and that the security is referred to as the best mode of paying it, is as much specific as the legacy of a horse or any movable chattel whatever. If the specific thing is disposed of or extinguished the legacy is gone. * * * It is essentially a question of intention when we are inquiring into the character of a legacy upon the distinction taken in the civil law between a demonstrative legacy, where the testator gives a general legacy but points out the fund to satisfy it, and where he bequeaths a specific debt."

The learned vice-chancellor continues that courts incline to consider legacies opening with the bequests of sums of money to be general or demonstrative rather than specific, and that a clear intention must appear in order to make a legacy specific, citing authorities.

This case (*Blair* v. *Scribner*) was reversed in the court of errors and appeals, because that court held that the true construction of the will there under consideration led to a different conclusion than that reached in this court, but did not in anywise depart from the law concerning specific or demonstrative legacies laid down by the vice-chancellor. In fact, in direct affirmance of what he said, the court of last resort remarked that it is a primary rule in the construction of wills that a clear intention on

the part of the testator must appear in order to make a legacy specific. *Blair* v. *Scribner, 67 N. J. Eq. (1 Robb.) 583, 588.*

To my mind, the intention of the testator in the case now under consideration to make the legacy to his wife specific and not demonstrative is so clear upon its face that resort does not have to be had to the other parts of the will or the situation of the parties as an aid in interpretation.

My reason for saying that the testator's intention to make the legacy in question a specific one clearly appears, is, that his direction that the legacy shall be paid out of securities "instead of cash" puts the matter in such posture that the payment must be made in the securities mentioned in order to effectuate and carry out his intention. These words "instead of cash" are, in my judgment, absolutely controlling, and are evincive of the clearest intention that the legacy was payable in the very securities which he held at the time of making the will to the end that his widow should have the income yielded by them from the time of his death.

As is well known, a specific legacy carries with it the income thereof from the death of the testator. *Theob. Wills 180; Blundell* v. *Pope, 21 Atl. Rep. 456.*

The motion to strike out the bill must be overruled, with costs.