By this bill the complainant seeks the partition (or sale) of property known as 227 Spruce street, Bloomfield, New Jersey. The complainant Catherine Malague claims to be *Page 334 
seized of an undivided one-half interest in said premises subject to the right of curtesy of the defendant John F. Marion, and, also, that the defendant Margaret Ungemah is seized of an undivided one-half interest therein, subject to the right of curtesy of the defendant Marion. The defendant Marion, on the other hand, claims to be the sole owner of the premises and denies the right of the complainants to maintain this bill. The controversy arises out of the following circumstances:
Adam Gekle died intestate at Bloomfield, New Jersey, on April 11th, 1910, leaving surviving him his three daughters, Catherine Malague, the complainant; Margaret Ungemah, one of the defendants, and Mary F. Marion, wife of the defendant John F. Marion. At the time of his death he owned two parcels of real estate, one known as 227 Spruce street and the other 233 Spruce street, both located in the city of Bloomfield. He also owned personalty valued at about $11,000. One Thomas Oakes was appointed administrator, and then, to avoid the expenses of administration, the three children of the decedent entered into the following agreement:
"We, Margaret Ungermah, Mary Marion and Cathrine Malague, all of the next of kin and heirs at law of Adam Gekle, deceased, being desirous of settling the said estate with as little trouble and expense as possible agree as follows:
First: That the estate of the said Adam Gekle consists of the following:
House No. 227 Spruce St., valued at ................... $3,000.00
House No. 233 Spruce St., valued at ................... 1,800.00
1 Watch, valued at .................................... 100.00
1 Horse, wagon and harness, valued at ................. 125.00
1 Revolver, valued at ................................. 8.00

Cash in bank now in the hands of Thomas Oakes, administrator of the said Adam Gekle, deceased.
It is further agreed that all of the personal and real estate of the said Adam Gekle be thrown into one fund at the above named values and that
Cathrine Malague shall receive the house No. 233 Spruce street, in lieu of $1,800 cash.
Cathrine Malague shall receive the gold watch in lieu of $100 cash.
Cathrine Malague shall receive the revolver in lieu of $8 cash.
Mary Marion shall receive the house No. 227 Spruce street, in lieu of $3,000 cash. *Page 335 
Mary Marion shall also receive the horse, wagon and harness in lieu of $125.
Mary Marion shall also receive all of the household furniture belonging to said Adam Gekle with the understanding that said Margaret and said Cathrine be each permitted to select some article thereof as a keepsake.
Margaret Ungermah shall receive her share in cash.
It is further agreed that all of the above mentioned property, real and personal, constituting the aforesaid fund be divided equally between the parties thereto the articles set opposite the names of each of the said parties hereinabove, to be deducted from their share and we hereby authorize Thomas Oakes, administrator, to distribute the residue of said cash in bank now in his hands on this basis.
In witness whereof, we have hereunto set our hands and seals this second day of June, 1910.
 MRS. MARGARET E. UNGERMAH, [L.S.] MARY F. MARION, [L.S.] CATHRINE MALAGUE. [L.S.]
Signed, sealed and delivered in the presence of CHARLES F. KOCHER."
Pursuant to this agreement Mrs. Marion and her husband and Mrs. Ungemah executed a deed of release to Catherine Malague for 233 Spruce street, the complainants and Mrs. Ungemah executed a deed of release to Mrs. Marion for No. 227 Spruce street, and the cash and other personal property was divided amongst the three children according to their respective rights under the agreement. The deed to Mrs. Marion was duly executed, delivered and recorded, although the certificate of acknowledgment attached thereto and which is complete, is not signed by the officer before whom the deed was executed. The complainants claim that because of this fact the deed is a nullity, passed no title to Mrs. Marion and that therefore, on her death, intestate, on April 13th, 1929, the property passed to the complainant Catherine Malague and the defendant Margaret Ungemah as her heirs at law subject to the right of curtesy of the defendant husband, but this question may be easily disposed of. The deed was undoubtedly executed pursuant to the written agreement and the complainants and the defendant Margaret Ungemah have received the benefit of that agreement. The complainants seeking equity must do equity and they and the defendant *Page 336 
Margaret Ungemah, having accepted the benefits of the contract, may be now directed by decree of this court to execute and acknowledge a new deed of conveyance to Mary F. Marion, or to her heirs, and this the defendant John F. Marion, by a counter-claim, asks the court to do. The officer before whom the deed was executed and, it is claimed by the defendant Marion, acknowledged, is now dead.
Complainants claim further, however, that assuming the deed to have been effective, Mrs. Marion acquired by virtue of it only a two-thirds interest in the premises and that the other one-third came to her from her father by descent, and that although underP.L. 1926 ch. 41 p. 77, the husband is entitled to the two-thirds interest which his wife acquired by purchase in this transaction, he is entitled to no interest in the remaining one-third and that the complainant Catherine Malague and the defendant Margaret Ungemah are tenants in common of the remaining one-third interest as heirs-at-law of Mary F. Marion, deceased. The rights of the parties in the remaining one-third interest depend upon the manner in which Mrs. Marion acquired title to it. If by descent, then the complainant would be entitled to an undivided one-sixth interest in the premises, and the defendant Margaret Ungemah would also be entitled to the same interest. But if by purchase, then under the provisions of the statute referred to, the entire interest in the premises vested in her husband upon her death as she died without issue. Title to real estate is, of course, acquired either by descent or by purchase.Tiedeman Real Prop. § 659. Title by descent is that title which one acquires by law as heir to the deceased owner. Ibid.
Title acquired in any other way must be by purchase.
That this one-third interest in 227 Spruce street was not purchased by Mrs. Marion, but came to her by descent from her deceased father, is, I think, plain. The deed of release from her two sisters conveyed only their respective interests and did not operate on the remaining one-third interest which vested in Mrs. Marion by operation of law immediately upon the death of her father. Counsel for the defendant *Page 337 
Marion suggests that the agreement for division and distribution effected an equitable conversion of the decedent's lands into personalty and that by the application of the doctrine of equitable conversion, title vested in Mrs. Marion by purchase. Equitable conversion is that exchange of property from real to personal or from personal to real which takes place under some circumstances in the consideration of the law such as to give effect to directions in a will or settlement, or to stipulations in a contract, although no such change has actually taken place.Bouv. Dict. 231.
The fundamental principle that equity regards that as done which ought to be done underlies the doctrines of equitable conversion. 3 Pom. Eq. Jur. § 1159. "The whole scope and meaning of the fundamental principle underlying the doctrine are involved in the existence of a duty resting upon the trustees or other parties to do the specified act; for unless the equitable ought exists, there is no room for the operation of the maxim." Ibid. § 1160. In the instant case there is no "equitable ought" which can form a basis for the application of the maxim. It was not intended that Mrs. Marion's vested interest should be sold or converted into cash, and, after all, it is purely a question of intention.
My conclusion is that the defendant John F. Marion is seized of an undivided two-thirds interest in these premises, and the complainant and the defendant Margaret Ungemah are each seized of an undivided one-sixth interest therein, subject to the right of curtesy of the defendant Marion, and the complainant is therefore entitled to a decree.
It appears, however, that extensive improvements have been made to the property since the family settlement and the defendant Marion may, therefore, be entitled to be paid out of the proceeds of the sale for the enhanced value resulting from such improvements. But this is a question which may be disposed of upon application for distribution of such proceeds, his rights being protected in the meantime by the decree.
I will advise a decree accordingly. *Page 338