JOHN F. ANDERSON, PLAINTIFF, v. JOHN GREENLEAF, DEFENDANT.

Submitted October term, 1932—Decided April 28, 1933.

Before Justices TRENCHARD, CASE and BROGAN.

For the plaintiff, *Griffith B. Vaughan.*

PER CURIAM.

The matter comes before us on motion for a rule for declaratory final judgment, interlocutory judgment by default having been already taken on rule entered to that effect. The defendant, though noticed, does not appear.

Plaintiff is the surviving husband of Mary Anderson, deceased. On December 7th, 1925, one Mary Holly, single, conveyed a lot of land to Mary Anderson. That was during the coverture of the plaintiff and of the said Mary Anderson. The latter died intestate without leaving lawful issue but still seized of the real estate on April 27th, 1932. Plaintiff claims that, under the act entitled "A supplement to an act entitled 'An act directing the descent of real estate,' approved March ninth, one thousand eight hundred and seventy-seven," which supplementary act was approved March 17th, 1926 (*Pamph. L.* 1926, *ch.* 41), he is now the owner in fee of the

said lands to the exclusion of any right or interest therein of the defendant, a surviving brother of the decedent, and seeks a judgment so declaring.

Acquisition of the property by deed was a form of purchase. There is nothing in the record to show payment of consideration for the land; but we have the assumption in *Weyer* v. *Weyer,* 106 *N. J. Eq.* 112; 150 *Atl. Rep.* 232; affirmed by the Court of Errors and Appeals on the opinion below, 107 *N. J. Eq.* 593; 154 *Atl. Rep.* 636, that the word "purchase" is used in the statute in its larger, technical sense, which includes all forms of acquisition except by descent. 2 *Blacks. Com.* 241; *Spielmann* v. *Kliest,* 36 *N. J. Eq.* 199, 203; see, also, *Malague* v. *Marion,* 107 *Id.* 333; 152 *Atl. Rep.* 637. The date of the purchase was before the passage of the 1926 statute, but the statute has been held to be retroactive (*Weyer* v. *Weyer, supra*), and it is enough that the death occurred after the enactment. The facts appear to bring the case within the application of the statute. The practice rests upon precedent. *Hallanan* v. *Hamilton,* 104 *N. J. L.* 632; 142 *Atl. Rep.* 27.

Let the rule for final judgment be entered.