This matter now comes before the court on notice of an application to amend the final decree entered herein pursuant to the opinion of this court reported in 123 N.J. Eq. 21. The application is made on behalf of Birdie L. Jennings, a beneficiary who is entitled, under the will of Harriet Levy, to an income annuity limited to $2,000 per annum. After the entry of the final decree herein, the matter was referred to a master to determine the cash value, as of the date of the death of Samuel Levy, of the bequest to Birdie L. Jennings, and the amount which should be paid in satisfaction of the bequests to the three Cohen legatees, the estate having been found to be insufficient to pay all legacies in full, and the court having determined that an abatement was necessary. Pursuant to that reference, the master found the net value of the Levy estate, as of the date mentioned, to be $42,375.81, *Page 494 
and the cash value of the income annuity to Birdie L. Jennings, computed in accordance with the combined four per cent. annuity table, to be $30,886.20, and that accordingly the Jennings bequest should abate in the sum of $2,362.79 and that each of the $5,000 Cohen legacies should abate in the sum of $382.50, the percentage of abatement in each instance being seven and sixty-five hundredths. This would result in each of the Cohen legatees receiving a cash legacy in the sum of $4,617.50 and the sum of $28,523.41 being retained as the residuary estate to produce the income annuity to which Birdie L. Jennings is entitled.
Counsel for Birdie L. Jennings on this application alleges that income on $28,523.41 at four per cent. will amount to only $1,140per annum, and that this will result in an abatement of forty-three per cent. in the amount of income annuity to which Mrs. Jennings is entitled; whereas the Cohen legacies will be abated only seven and sixty-five hundredths per cent., and that this gross inequality was never intended by the court, and should be corrected by an amendment of the final decree; and he suggests that the decree be amended so that the master will be directed merely to determine the cash value of the entire estate in the hands of the trustee as of the date of the death of Samuel Levy, and to determine the amounts which should be paid in satisfaction of the Cohen legacies, without determination of or reference to the cash value of the Jennings gift.
Counsel for petitioner also asks that the decree be amended by including therein a provision directing the master to set aside a sufficient part of the corpus of the estate to produce adequate income to defray continued expenses of administration to the date of Mrs. Jennings' death, before calculating the proportionate abatement of the Jennings and Cohen legacies.
The master's computation and report were based upon the rule laid down in Chemical Bank and Trust Co. v. Barnett, 114 N.J. Eq. 4.
In lieu of this method, counsel for Mrs. Jennings argues that the court should first determine the amount which, if invested at four per cent., would produce *Page 495 
an annual income of $2,000, as representing the value of the legacy to Mrs. Jennings, and that this sum would obviously be $50,000; that to that sum should be added the sum of the three Cohen legacies, or $15,000, making an aggregate estate of $65,000 necessary to pay the $2,000 annuity and these legacies in full, and that the legacies should be paid in the proportion which the actual value of the estate, $42,375.91, bears to the value necessary for payment in full. This would require the deduction of the sum of $4,105.69 from the Cohen legacies and the addition of that sum to the $28,523.78 reported by the master as the cash value of the Jennings annuity.
Under the master's report, the total value of the estate would be divided as follows: For the Jennings annuity fund, $28,523.78; for the Cohen legacies, $13,852.14.
Under the proposed method, the estate would be divided as follows: For the Jennings annuity fund, $32,629.46; for the Cohen legacies, $9,746.45.
It seems to me that the bare statement of these figures shows the fallacy of the argument in support of the proposed amendments. If the Jennings legacy were a true annuity, she would now, under the doctrine of Chemical Bank and Trust Co. v.Barnett, be entitled to immediate distribution of the annuity fund of $28,523.78; but as there is a gift over and Mrs. Jennings is entitled only to the income on that fund during her life, and that only to the extent of $2,000 per annum, that fund must be held in its integrity by the trustees for the benefit of the remaindermen. To increase this fund by the four thousand and some odd dollars taken from the Cohen legacies would be to rob these general legatees for the benefit of the remaindermen as that sum would eventually go to the remaindermen upon the death of the annuitant. This was obviously not the intention of the testatrix.
No just method of abatement can be devised which does not involve the determination of the cash value of the gifts which are to abate. In this instance, Mrs. Jennings has no ground for complaint, for in determining the cash value of *Page 496 
her income annuity, the same method was used which is applied in the case of strict annuities. The latter type involves the complete using up of the principal fund, whereas the fund from which the Jennings income is to be paid will be intact upon the termination of the trust for her benefit. Obviously, the commuted cash value of the gift which involves the destruction of principal must be greater than that of the gift which requires the principal to be kept intact. The fallacy of counsel's argument is further shown when we realize that he figures the percentages of abatement for the Jennings and Cohen legacies upon entirely different bases. The forty-three per cent. abatement of the Jennings legacy is figured upon income, while the seven and sixty-five hundredths per cent. upon the Cohen legacies is upon principal. Both should be computed upon the same basis. The difficulty is that the estate does not have sufficient corpus
to set up a fund which will produce the full Jennings annuity, and the court cannot compel the Cohens to make up the deficiency out of their legacies. The argument presupposes that the testatrix set up a fund of $50,000 from which to pay the income to Mrs. Jennings, and this she did not do. In other words, the Jennings position rests entirely upon an assumed and non-existent state of facts. It is unfortunate for Mrs. Jennings that the assumed facts do not exist, but we must deal with actualities, and the misfortune of Mrs. Jennings cannot be mitigated at the expense of the Cohens. All must share their common fortune on an equal basis.
With respect to the proposed amendment requiring the master to set aside a sum sufficient to produce the necessary income to pay further administration expenses, that, it seems to me, falls of its own weight. The Cohen legatees are not, under any possible construction of the Levy will, required to assume any of the expenses of administration after the settlement of the executor's final account. They are, of course, because of the deficiency in assets, chargeable with their proportionate share of such expenses up to that time, and these, in the sum of $2,607.25, have already been deducted from the gross value of the estate. The application is denied. *Page 497