[EDITORS' NOTE: THIS PAGE CONTAINS HEADNOTES. HEADNOTES ARE NOT AN OFFICIAL PRODUCT OF THE COURT, THEREFORE THEY ARE NOT DISPLAYED.] *Page 157 
The complaint was filed by Lester Horton, sole executor and trustee under the last will and testament of Harry Horton, deceased, his father, for construction of decedent's will with respect to three items. *Page 158 
Under Paragraph 2 of the will, the testator devised "all my real estate wheresoever situate, and all interest therein, of which I shall die seized and possessed, or to which, at the time of my death, I may be or become entitled, unto my son, Lester Horton, as trustee, to have and to hold the same upon the following trust": to pay one-half of the net income from the said real estate to his wife, Hazel Ruth Horton, for life, and the other one-half unto his three children in equal shares until the sale of said real estate as provided in said will. Upon the death of his wife, the trustee was to pay all of the income to decedent's children until a sale of the real estate, whereupon the proceeds were to be divided equally among them.
Under the third paragraph of the will, the testator gave, devised and bequeathed his residuary estate to his wife absolutely. The will made provisions for disposition of the estate in the event his wife predeceased him, but these and other provisions are not pertinent.
At the time the testator executed his will, he was the owner of two parcels of real estate, one commonly known as No. 523 Watchung Avenue, Bloomfield, N.J., hereinafter referred to as the Bloomfield property, and the other commonly known as Nos. 231-235 South Street, Newark, N.J. Two days before his death, decedent and his wife executed an agreement to sell and convey the Bloomfield property. After his death, pursuant to the contract, the title was conveyed to the grantees therein named, who paid the consideration to the plaintiff, who now seeks instructions with respect to the disposition of the purchase price as between decedent's widow and his three children.
The question is whether there was an equitable conversion. It is quite clear that the testator made a general devise of his real estate in trust to his trustee and a general bequest of his personal property to his widow. Courts are disposed to consider legacies and devises as general or demonstrative, if the will admits of such construction. In re Cooper, 95 N.J. Eq. 210
(E. A. 1923), Patanska v. Kuznia, 102 N.J. Eq. 408 (Ch.
1928), affirmed 104 N.J. Eq. 203 (E. A. 1929), Byrne v.Byrne, 123 N.J. Eq. 6 (Ch. 1938), affirmed 124 N.J. Eq. 273 (E. A. 1938), First National Bank v. Levy,123 N.J. Eq. 21 *Page 159 (Ch. 1938), 126 N.J. Eq. 493 (Ch. 1939), affirmed130 N.J. Eq. 220 (E. A. 1941), Camden Trust Co. v. Cramer,136 N.J. Eq. 261 (E. A. 1945).
The settled rule of law is declared in Haughwout v. Murphy,22 N.J. Eq. 531 (E. A. 1871), as follows: "In equity, upon an agreement for the sale of lands, the contract is regarded, for most purposes, as if specifically executed. The purchaser becomes the equitable owner of the lands, and the vendor, of the purchase price. After the contract, the vendor is the trustee of the legal estate for the vendee. * * * Before the contract is executed by conveyance, the lands are devisable by the vendee and descendible to his heirs as real estate; and the personal representatives of the vendors are entitled to the purchase money." King v.Ruckman, 21 N.J. Eq. 599 (E. A. 1870), Siesel v.Mandeville, 140 N.J. Eq. 490 (Ch. 1947), Hanson v. Levy,141 N.J. Eq. 103 (Ch. 1947).
The test of the application of the doctrine of equitable conversion is whether the contract is capable of enforcement by specific performance. In the instant case, the contract of sale contained the following provision: "This agreement is contingent upon the ability of the purchasers to procure or have made available to them an F.H.A. mortgage or similar type mortgage, in the amount of $5,800 for a period of 20 years." The purchasers did procure such a mortgage and performed the contract. It is argued that because of the foregoing provision, the contract was not capable of specific performance, because there was no mutuality and that therefore there was no equitable conversion. In Burlew v. Hepps, 138 N.J. Eq. 425 (Ch. 1946), the court declared that specific performance would not be compelled, because the contract was contingent on the purchaser obtaining a mortgage. However, in Gottlaub v. Cohen, 139 N.J. Eq. 323
(Ch. 1947), the Burlew case was seriously questioned and in my opinion overruled. I think the correct rule of law is therein stated as follows: "According to the great weight of our authorities, specific performance will not be refused merely because the contract, at the time it was entered into, could not have been enforced by the defendant against the complainant * * * It is enough that *Page 160 
there is mutuality at the time of the decree." Furthermore, the rule of law is that when the contingency or condition is met, the conversion as between the parties relates back to the time of the execution of the contract. Pomeroy thus states the rule: "The fact that the contract of purchase is entirely at the option of the purchaser does not prevent its working a conversion, if he avails himself of the option * * * In contracts of sale upon the purchaser's option, the question whether or not a conversion is effected at all cannot, of course, be determined until the purchaser exercises his option; but the moment when he does exercise it, the conversion, as between parties claiming title under the vendor, relates back to the time of the execution of the contract." Pomeroy, Equity Jurisprudence, (Fifth ed.), vol.
4, sec. 1161 and 1163, pp. 479 and 487.
In this case the contract having been performed, the question of enforceability was obviated.
The trustee is instructed that the balance of the purchase price is part of the personal estate of the decedent and, under Paragraph 3 of the will, is payable to decedent's widow.
The second item on which instruction is sought is whether or not to pay off the $1,100 balance of a mortgage on the South Street property. The proofs indicate that demand for payment is not being made by the mortgagee, and I think the matter of prepayment should be reserved. Commonwealth-Merchants Trust Co.v. Seglie, 127 N.J. Eq. 160 (Ch. 1940), Norris v.Pellinger, 133 N.J. Eq. 209 (Ch. 1943), Campbell v.Campbell, 140 N.J. Eq. 144 (Ch. 1947).
The third question on which instruction is sought concerns repairs to the South Street property. The proofs disclose that the buildings have stood for many years, have deteriorated and, although still income-producing, are not particularly desirable property. In view of the dual interests of the life tenant and the remaindermen, and bearing in mind that the testator directed the trustee to defray "necessary" and reasonable expenses, I think the trustee should make only such repairs as are necessary to keep the premises tenantable and income-producing.
Judgment will be entered in accordance with the foregoing conclusions. *Page 161