[EDITORS' NOTE: THIS PAGE CONTAINS HEADNOTES. HEADNOTES ARE NOT AN OFFICIAL PRODUCT OF THE COURT, THEREFORE THEY ARE NOT DISPLAYED.] *Page 595 
The plaintiff, administrator of the estate of Marion E.T. Ginn, deceased, filed a complaint seeking specific performance under the provisions of R.S. 3:23-6 of a contract for the purchase of realty entered into between the decedent as vendee and the defendant Bank of Montclair as executor of the last will and testament of Mary J. Higgins as vendor. The decedent's wife, Gertrude Ginn, was admitted as a defendant pursuant to an order advised by Vice-Chancellor Kays, Lanes v. Bank of Montclair,141 N.J. Eq. 5 (Ch. 1947). However, she died pending the suit, on January 10, 1949, survived by her daughter by a previous marriage, Dorothea E. Hooks, her sole heir-at-law and next-of-kin, who has been substituted as a party defendant in the place and stead of her mother.
The contract for the purchase of the property was dated June 20, 1936. R.S. 3:23-6, to which we shall later allude, was amended April 14, 1937, by chapter 24, P.L. 1937. The *Page 596 
decedent, Marion E.T. Ginn, died intestate on March 25, 1940, without issue, survived only by his widow. However, the plaintiff was not appointed administrator of the estate until September 19, 1946. The purchase price of the property was $2,250, payable in monthly installments. The decedent made payments until the time of his death, and thereafter the rents from the premises were received by the Bank of Montclair, as vendor, and applied on account of the balance of the purchase price and taxes. On February 11, 1947, when a balance of only $32.77 remained unpaid on account of the purchase price, the attorney for the administrator paid the same to the bank and demanded a conveyance. Upon the bank's failure to comply, the complaint was filed.
The proofs do not reveal why an administrator of the estate was not appointed until after an interval of more than six years from the death of the decedent had elapsed. The plaintiff has collected the rents since his appointment, and at the time of the hearing had a balance of $450 in his account. The only debts chargeable against the estate are the sum of $32.77 advanced by the attorney for the administrator, about $250 advanced for funeral expenses by a sister of the decedent, and a claim for $125 for legal services alleged to have been rendered. Apart from these three items there do not appear to be any debts, and, if there were, it may well be that the statute of limitations has operated against them.
The defendant vendor is willing to convey to such person or persons as the court may direct, but denies that conveyance should be made to the plaintiff. The defendant, Dorothea E. Hooks, denies the plaintiff's right to a conveyance on two grounds: first, that the statute does not affect contracts entered into prior to its enactment, and, second, that specific performance being discretionary should be denied because she is willing to pay the funeral bill and the advance for the balance of the purchase price if the moneys in the hands of the administrator are insufficient to pay these items.
The principle of equitable conversion is well-settled in this State. "In equity, upon an agreement for the sale of lands, the contract is regarded, for most purposes, as if specifically *Page 597 
executed. The purchaser becomes the equitable owner of the lands, and the vendor of the purchase money. After the contract, the vendor is the trustee of the legal estate for the vendee. * * * Before the contract is executed by conveyance, the lands are devisable by the vendee, and descendible to his heirs as real estate; * * *." Haughwout v. Murphy, 22 N.J. Eq. 531 (E. A. 1871); Hanson v. Levy, 141 N.J. Eq. 103 (Ch. 1947);Horton v. Horton, 2 N.J. Super. 155, 62 A.2d 503 (Super.Ct. 1948). On the death of the vendee intestate, the land descends to his heirs and not to his administrators, and specific performance is enforced by his heirs. Pomeroy, EquityJurisprudence (5th ed.), §§ 368, 372, 1261.
R.S. 3:23-6 was amended by chapter 24 of the Laws of 1937. The pertinent provisions of the act, as amended, are as follows:
"Any * * * administrator to whom letters * * * of administration have heretofore been or may hereafter be granted, may carry into effect the terms and conditions of any agreement for the purchase or sale of any real estate entered into by the decedent and any subsequent agreement entered into by such fiduciary in relation thereto shall be binding and effectual on all parties as if made by the decedent and such fiduciary may take title to the real estate in said agreement named, at such times and upon such terms and conditions as he shall deem for the best interest of the estate, * * * although said decedent died intestate; and said real estate shall be assets of the estate in the hands of said * * * administrator * * * and may be sold and conveyed by him, without any order of court, and he shall receive, be accountable for and pay over the proceeds of such sale or sales as other estate moneys in his hands; * * *"
The bill when introduced, Assembly Bill 181, was accompanied by a statement which set forth the purpose of the amendment, as follows:
"The purpose of this Act is to extend the benefits of the Act hereby amended to include the administrator of one who has died intestate and to make the act prospective instead of being merely retrospective. Upon the unexpected death of any purchaser before the completion of his contract to purchase, the executor or administrator of his estate would be under legal obligation to pay the purchase money or the balance thereof, being part of the assets of the estate in the hands of said executor or administrator; but there would be *Page 598 
no one legally qualified in case of intestacy, to take title to lands except the heirs-at-law of the decedent who are in many cases minors or under some other disability. This Act is to amendPublic Laws 1887, Chapter 133, page 165, which is in Vol.II, Compiled Statutes 1910, Page 2267, Sec. 26."
Referring to this statute, Alfred C. Clapp, Esq., in his work on Wills and Administration in New Jersey, Note 7 to § 285,p. 427, observes "This is an extraordinary change in the law of equitable conversion unless it be the law (as seems probable) that he merely takes title, first, for the benefit of creditors and, second, for the benefit of the heirs or devisees equitably entitled to the same."
The first point raised that the abovementioned statute does not apply because the contract antedated the statute, I deem to be without merit. The widow of the decedent became entitled to the ownership of the property because she was the sole heir of the intestate vendee, as provided by R.S. 3:3-4. However, the interest of the widow in the realty contracted to be purchased by the decedent, at the time of the adoption of the amendment,R.S. 3:23-6, empowering an administrator to carry into effect such contract for purchase, was not such a right as the Legislature could not alter. Therefore, although the contract antedated R.S. 3:23-6, the legislation did not impair any vested right of the widow in the property. Kicey v. Kicey,112 N.J. Eq. 459 (Ch. 1933); affirmed, 114 N.J. Eq. 116 (E. A. 1933); Stabel v. Gertel, 11 N.J. Misc. 247 (Sup. Ct.
1933); affirmed, 111 N.J.L. 296 (E. A. 1933). Moreover, it appears from the statement above quoted that it was intended that the provisions of the act be retrospective as well as prospective.
I conclude that it was within the power of the Legislature to permit an administrator to carry into effect the terms and conditions of a contract for the purchase of real estate entered into by the decedent prior to the adoption of the statute without impairing any vested right or interest of the widow of the decedent.
However, the situation presented by the facts in this case would not seem to warrant the granting of a judgment *Page 599 
for specific performance in favor of the plaintiff administrator. As already indicated, there are no creditors of the estate whose claims cannot be satisfied from the assets in the hands of the administrator, nor are there any other factors such as heirs who are minors or under some other disability, nor any other fact or circumstance which would make it more desirable or advantageous to grant the relief sought. Under the facts presented here, if the title were conveyed to the administrator, he would be obliged to convey to the widow's only heir-at-law, the defendant, Dorothea E. Hooks, or, if he sold the property, the proceeds of sale in excess of lawful debts would be considered as realty payable to the heir-at-law. Oberle v. Lerch, 18 N.J. Eq. 346
(Ch. 1867); affirmed, Id. 575 (E. A. 1867); White v.Brinkerhoff, 109 N.J. Eq. 553 (E. A. 1931). It would seem unnecessarily circuitous to follow such a procedure. Accordingly, the plaintiff's prayer for specific performance is denied; the defendant Bank of Montclair, executor as aforesaid, will be directed to execute a deed conveying the premises to the defendant, Dorothea E. Hooks; and the plaintiff as administrator is directed to file his account, allowances to await the settling thereof.