## Margaret D. Merselis

*v.*

## Thomas C. Van Riper, Mary E. Van Riper et al.

1. A widow in possession as dowress, under her right of quarantine, of premises which had been mortgaged by her husband while single, is entitled to protect her estate therein by redeeming from such mortgage.

2. A dowress, in redeeming from a mortgage in order to protect her estate, should, as between herself and the devisee of the fee, pay a proportionate amount of such debt, to be ascertained by apportionment on the basis of the present value of her life estate.

3. On foreclosure of a mortgage against the widow and the devisee of the mortgagor, where the widow is entitled to dower, which has not been assigned, the proportion of the debt to be borne by each, respectively, must be ascertained according to the life tables, and the premises sold, subject to the dower, to pay the amount fixed as belonging to the devisee to pay, and the widow's right to be sold to pay the other portion.

Exceptions to master's report.

This is an ordinary bill to foreclose a mortgage made by a man while single, upon a house and lot in the city of Paterson. He afterwards married the defendant Mary E. Van Riper, and died leaving one child, the defendant Mrs. Van Iderstein, having devised the premises to his sister, Mrs. Merselis, the complainant, and two others, in trust for the use of Mrs. Van Iderstein for life, and at her death to go to her children. The complainant, Mrs. Merselis, became the owner of the mortgage by assignment before the death of her brother.

To this bill the widow alone made answer, and therein set up that, at and before the death of her husband, the premises were occupied in part by her and her husband, and in part by tenants of her husband, and that she remained in possession, by right of quarantine, of that part of the premises which had been occupied by herself and her husband, and that no dower had been assigned to her. She alleges by her answer that there is no practical difficulty in assigning dower to her, and that she is

willing to unite with the trustees of Mrs. Van Iderstein in the expense of putting and keeping the premises in order so that she can enjoy her dower and the trustees have the benefit of a good rent for the balance of the premises. She prays that her dower may be set off to her before any decree of foreclosure be made, and that the mortgage debt may be apportioned between that part of the premises to be set off to her as dower and the remainder, and that she may have an opportunity to redeem her estate of dower upon equitable terms, if such redemption is necessary, or that the encumbrance of the mortgage may be first satisfied from the remainder of the premises, and that her legal and equitable rights may be ascertained with respect to the mortgaged premises and the encumbrance thereon, and if the mortgaged premises shall be decreed to be sold without first setting off dower, that the same may be offered for sale in the first place, subject to her dower, she being willing in such case to bid for the premises the amount due to the complainant, with costs of suit and sheriff's fees, and that her right as dowress may in all other respects be protected by the decree of the court.

A motion to strike out that answer was refused by one vice-chancellor, and then, on an application to another vice-chancellor, an order of reference was made to a master, on the ground that the answer did not set up any defence or present any question except such as was the appropriate subject of reference to a master. The order is special, not only to ascertain and report the amount due to the complainant for principal and interest on her mortgage, but also to report upon "the other questions raised by the bill and answer filed herein."

When the matter came before the master, the widow, by her counsel, attended and submitted an argumentative proposition to him in the presence of the counsel of complainant, which admitted that the complainant was entitled to a sale of the premises in such manner as to insure her getting her money, but that the foreclosure should not be so managed as to cut off the widow's dower and convert the property into money, if such course could be avoided without risk to the complainant; that the mortgage debt should be apportioned between the estate in

fee and the estate for life of the widow, and that each estate should be sold for its proportionate share—that is to say, that the whole property should be sold, and sold subject to the dower right, to raise one share of the debt, and then the dower right should be sold to raise the other portion. If the total realized from both sales is not sufficient to pay the complainant's debt, then the superior right of the complainant should come in and have the whole estate offered for sale, as the most advantageous mode of sale in order to raise the complainant's money.

In other words, the proposition was to ascertain the share of the mortgage debt properly payable by the widow and to sell the fee subject to the estate for life in the widow, to pay the balance, so as to enable the widow to protect her interest by either paying the amount due by her or by buying it in; and the widow offered to give a bond, if required, with security, to secure the raising of the entire amount due the complainant, with interest and costs of suit, upon the two separate sales. She also offered before the master, and at the hearing of the exceptions, to pay at once to complainant the amount of the mortgage debt, with interest and costs, and take an assignment of the mortgage and decree, the decree being made in accordance with her insistment of her rights.

The master declined to adopt this view and reported the amount due, and then, with regard to "all the other questions raised by said bill and answer," he reported the condition and size of the curtilage—that the value was ample security for the amount of the complainant's mortgage, and that the premises are so situated that one-third thereof could not be set off without great injury to the value of the remainder, if at all, and that, as a matter of law, in his opinion, the premises should be sold in one parcel, to raise and pay the amount of the complainant's mortgage, and free of dower.

The exception is to this finding.

*Mr. Eugene Stevenson,* for the exceptant.

*Mr. Henry Traphagen, contra.*

PITNEY, V. C.

The question of fact as to the value and situation of the premises was reported on the master's personal knowledge. No evidence was given on the subject of their being so situate that dower could or could not be assigned, except that of Mrs. Van Riper, and her evidence was to the effect that it was practicable to assign dower to her, and this evidence appears to have been undisputed. Her age, also, was given.

The master, however, it is to be observed, does not find that it was impracticable to assign dower by metes and bounds, but, in effect, that such assignment would greatly injure the value of the remainder of the premises.

The right of the widow to have her estate in dower protected in the mode proposed by her seems to be indisputable. *2 Jones Mort.* § *1067; Opdyke* v. *Bartles, 3 Stock. 133.*

The widow is in possession of a defined portion of the premises, as dowress, under her right of quarantine. Her possession is a freehold estate. It may continue for her life, and can be reduced in extent only by an actual assignment of dower. She is entitled to have this estate protected by redeeming this mortgage. As between her and the complainant, she is bound to pay the whole; as between her and the owner of the fee, the amount she should pay is to be apportioned upon the basis of the present value of her life estate. And if the owner of the fee in this case had paid off this mortgage, she would be obliged to pay an amount to be ascertained in the same manner as her share in the proceeds of the sale of the whole premises would be ascertained.

This mode of dealing with the widow's right of dower in such case was adopted by Chancellor Kent in *Swaine* v. *Perine, 5 Johns. Ch. 482* (at *p. 493*), and in this state by Chancellor Green in *Chiswell* v. *Morris, 1 McCart. 101. 2 Scrib. Dow. (2d ed.) 696; Bell* v. *Mayor, 10 Paige 49; Foster* v. *Hilliard, 1 Story 77.*

I am unable to see any reason why the widow should not be entitled to redeem this mortgage for the protection of her life estate in the premises while she is in possession of a specific

portion under quarantine, and before dower is assigned her, precisely as would a grantee by the husband of a portion of the mortgaged premises, subject to a just proportion of the mortgage debt. In such case, the practice is well settled in New Jersey to sell the property in parcels if the complainant is not prejudiced thereby; and the right of a party owning a portion of the mortgaged premises to stop a sale by paying a proper share of the amount due is well settled. *Stillman* v. *Stillman*, 6 *C. E. Gr.* 126; *Hoy* v. *Bramhall*, 4 *C. E. Gr.* 563; *Mickle* v. *Rambo, Sax.* 501; 2 *Jones Mort.* §§ 1063, 1067; *Pearce* v. *Morris, L. R. 5 Ch. App.* 226 (1870), where the subject is fully discussed; *Howard* v. *Harris*, 1 *Vern.* 33; *Palmes* v. *Danby, Pr. Ch.* 137, where it was held that a dowress redeeming had a right to hold the mortgage against the heir; and see 1 *Pow. Mort.* *311 et seq.* and notes; *Saville* v. *Saville*, 2 *Atk.* 459 (at *p.* 463); *Howard* v. *Attorney-General*, 2 *Mod.* 174; *Coote Mort.* *517, *526.

By strict right, the complainant must not be hindered or delayed in his foreclosure by any questions arising between the defendants out of dealings with the premises subsequent to the mortgage. But this is a right on the part of the complainant that is seldom used in this state to prevent the defendants from appearing before the master and having him arrange the sale in parcels, provided such a sale does not affect the value of the premises in such manner as to prevent their bringing enough to pay the whole amount due, the time occupied in settling the rights of the defendants *inter sese* not usually causing such a delay as to seriously interfere with the complainant's rights.

Strict practice required that the conflicting rights of the several defendants, which arise subsequent to the giving of the mortgage, should be administered and settled upon cross-bills; but it has not been the practice in this state to drive parties to that expense, but a well-settled practice has arisen of settling such rights before the master. At first I was inclined to think that there should have been a cross-bill in this case, but the complainant herself is one of the trustees under the will of the mortgagor and husband of the widow, and as such is the legal

owner of the premises, subject to the dower right of the widow, and there is not the least room to suspect that the rights of the *cestui que trust* are being prejudiced for want of her having a day in court.

The result is that the exceptions must be sustained, the proportion of the debt to be borne by the dowress and devisee respectively must be ascertained according to the life tables, and the premises sold subject to the dower to pay the amount fixed as belonging to the devisee to pay, and the widow's right to be sold to pay the other, the costs to be borne in the same proportion. It will probably not be necessary to make a reference in order to make this ascertainment. The details of the decree will be settled upon notice.