### MARY A. S. REESE

*v.*

### ELIZABETH STIRES et al.

[Decided March 27th, 1917.]

1. In the law of real estate "descent" means hereditary succession to the title to lands by heirs-at-law on the death of an ancestor.

2. Estates of dower and curtesy arise out of the marriage relation and become consummate in wife and husband, respectively, upon the death of the other spouse, but do not descend to those persons.

3. The act of March 3d, 1915 (*P. L. 1915 p. 61*), entitled "An act amendatory of and supplemental to 'An act directing the descent of real estates,' approved April 16th, 1846," which in terms abolishes estates and interests of dower and curtesy, violates article 4, section 7, *placitum* 4 of the constitution of New Jersey, which provides *inter alia* that "every law shall embrace but one object, and that shall be expressed in the title," and is therefore null and void so far as it abolishes dower and curtesy—as the single object expressed in the title of the act concerns only the descent of real estates, and dower and curtesy do not descend.

On application for decree for sale in partition.

*Mr. J. I. Blair Reiley,* for the complainant.

WALKER, CHANCELLOR.

This is a partition suit. The special master to whom the matter was referred to ascertain and report the right, title and interest of the respective parties in the premises sought to be partitioned, or sold in lieu thereof, reported *inter alia* as follows:

"By virtue of the seventh section of the act of March 3d, 1915 (*P. L. 1915 p. 65*), the defendant, John H. Hughes, husband of Mary C. Hughes, has no estate or interest as tenant by the curtesy initiate in any part of said premises, and the defendant, Clara Lesher, wife of Franklin L. Lesher, is not entitled to any inchoate dower in any portion of said premises. This act took effect July 4th, 1915, and the ancestress, Louisa J. Burd, died on March 7th, 1916. The shares of the said Mary C. Hughes and of the said Franklin L. Lesher became vested after said act was approved, and also after it went into effect, to whichever date the word 'heretofore' in said section refers."

The proof attached to the master's report is that Mary C. Hughes, one of the heirs-at-law of Louisa J. Burd, who died seized intestate of the premises in question, is married to the defendant John H. Hughes, the record being silent as to whether or not they have had issue. John H. Hughes has a contingent estate in remainder in the share and interest of his wife in the lands, if there has been no issue born alive, or, if there has been, then a vested estate in remainder, known to our law as an inchoate right of curtesy (*Hackensack Trust Co. v. Tracy, 86 N.*

J. Eq. 301) ; and Clara Lesher has an inchoate right of dower in the share of lands of which her husband is seized—unless the act of the legislature referred to by the master is constitutional.

The solicitor of the complainant has presented a draft of a decree for sale—the master having reported that the lands and premises are so situate that a partition thereof cannot be made without great prejudice to the owners of the same—included in which is a form of adjudication that

"by virtue of the seventh section of the act of March 3d, 1915 (P. L. 1915 p. 65), the defendant John H. Hughes, husband of Mary C. Hughes, has no estate or interest by the curtesy initiate in any part of said premises; and the defendant Clara Lesher, wife of Franklin L. Lesher, is not entitled to any inchoate right of dower in any portion of said premises,"

and has moved the court to make the decree. This motion raises the question of the constitutionality of section 7 of the act of March 3d, 1915 (P. L. 1915 p. 65), which in terms abolishes dower and curtesy in this state, saving vested interests, which would be saved without such provision. Hackensack Trust Co. v. Tracy, supra; In re Alexander, 53 N. J. Eq. 96.

The title of the act referred to is as follows:

"An act amendatory of and supplemental to an act entitled 'An act directing the descent of real estates,' approved April sixteenth, eighteen hundred and forty-six,"

and in section 7 it is provided:

"The estates and interests of dower, and right of dower and curtesy be and the same are abolished hereby; provided, however, that nothing in this act shall affect any such estates or interests which may have become vested heretofore."

The constitution of New Jersey, in article 4, section 7, placitum 4, provides inter alia:

"To avoid improper influences which may result from intermixing in one and the same act, such things as have no proper relation to each other, every law shall embrace but one object, and that shall be expressed in the title."

The single object expressed in act of 1915 (*P. L. 1915 p. 61*) is to direct the "descent" of real estates.

In *2 Bl. Com. 201*, the learned commentator defines descent as follows:

"Descent, or hereditary succession, is the title whereby a man on the death of his ancestor acquires his estates by right of representation, as his heir-at-law. An heir therefore is he upon whom the law casts the estate immediately on the death of the ancestor; and an estate so descending to the heir, is in law called the inheritance."

And the rules of the common law govern the descent of real estates in New Jersey so far as they have not been changed by statute. *Fidler* v. *Higgins, 21 N. J. Eq. 138.*

At the common law when the husband of a woman was seized of an estate of inheritance and died, the wife had the third part of all the lands and tenements whereof he was seized at any time during coverture, to hold for the term of her natural life. *2 Bl. Com. 129*. Our act makes this same provision. *Comp. Stat. p. 2043 § 1.*

Tenancy by the curtesy is where a man marries a woman seized of an estate of inheritance and has by her issue born alive which was capable of inheriting her estate. In this case, on the death of his wife, he holds the lands for his life as tenant by the curtesy. *2 Bl. Com. 126; Hackensack Trust Co.* v. *Tracy, supra.*

These estates of dower and curtesy, it will be observed, arise out of the marriage relation and become consummate in wife and husband, respectively, upon the death of the other spouse, but they cannot be said to have descended to those persons. They become inchoate and are *vested in interest* during the lifetime of the ultimate beneficiary—the widow or tenant in dower. Not so in the case of lands descended, for no one can be heir-at-law to a living person. Before the death of the ancestor the person who is next in the line of succession is called an heir apparent if he be heir to the ancestor whenever he happens to die, and heir presumptive if the ancestor should die immediately, but whose right of inheritance may be defeated by the contingency of some nearer heir being born. *2 Bl. Com. 208.*

Descent, in *Whart. Lex. (12th ed., 1916)*, is defined as the hereditary succession of property vested in a person by the opera-

tion of law, *i. e.,* by his right of representation *as heir-at-law.*
Descent, in *Bouv. Dict. (Rawle's Rev.),* is defined as, to pass by
succession; as when the title vests by operation of law *in the
heirs* immediately upon the death of the ancestor. Husband and
wife are not the heirs of their deceased spouses. We say a man
died leaving him surviving his widow A, and his heirs-at-law B,
C and D. And we say that a woman died leaving her surviving
her husband F, and her heirs-at-law G, H and I.

Our statute directing descent of real estates provides as to
who shall take the lands of persons dying intestate. This statute
does not pretend to legislate with reference to dower and curtesy
except to declare, in several sections, that nothing contained in
the act shall be construed or taken to bar or injure those rights.
See *Comp. Stat. p. 1917* §§ *6, 11,* amended by *P. L. 1915 p. 61,*
also § *13.* Other sections make no such reservation, yet, of
course, the lands descend as provided in those sections of the act,
subject to estates in dower and by the curtesy, which doubtless
need no saving clauses whatever.

Dower has been the subject of legislation in this state, but
only under an act with an appropriate title relating to that par-
ticular species of property. See the act relative to dower.
*Comp. Stat. p. 2043.* We have no statute dealing with an estate
by the curtesy. If that species of property were to be the sub-
ject of legislation, I apprehend that it could be affected only by
an act relating to it alone, and having an appropriate title, one
that would come within article 4, section *7, placitum* 4 of the
constitution, which provides that the object shall be *expressed in
the title.*

If dower and curtesy can be abolished under the title of an act
directing the descent of real estates—such descent being the only
object expressed in the title—it would seem to me that such
abolition would extend to dower and curtesy in estates *descended*
only and not to those *devised* by last will and testament; and
that, to abolish dower and curtesy in lands *devised,* a supplement
would have to be passed to the act concerning wills (*Comp. Stat.
p. 5861*)—that is, assuming that the abolition of dower and
curtesy can be accomplished by legislation under such titles.

In my opinion, however, the seventh section of the act of 1915 (*P. L. 1915 p. 65*) is unconstitutional and void because not within the title of the act. Legislation respecting dower and curtesy, which arise out of the marriage relation and vest in the relicts of deceased spouses, and which do not descend as to an heir-at-law, cannot, in my judgment, be constitutionally included in an act whose object is the direction of the descent of real estates. The very words of the constitutional provision that "every law shall embrace but *one object,* and that shall be *expressed in the title,*" plainly forbid the legislation attempted in section 7 of the act under review. I deem it unnecessary to cite any of the numerous cases in our state which have construed statutes with reference to the constitutional provision above mentioned. Nor is it necessary to cite the decisions to the effect that an unconstitutional provision in an act will be excised, and the rest of the act upheld, if what remains is the primary object of the legislation. The act under review in six sections legislates with reference to its primary object, namely, the descent of real estates—the only object expressed in its title. The seventh section is alien to its object and cannot constitutionally be made one of its subjects. This section is opposed to the organic law and is, consequently, null and void.

This cause must be referred back to the special master to ascertain and report whether any heir has been born alive to Mr. and Mrs. Hughes, so that it may be ascertained whether the husband's interest in his wife's share of the lands is one of contingent remainder or vested remainder (inchoate right of curtesy) ; also to ascertain whether Frank Sletor, the husband of Alice Sletor, deceased, is still alive, for, if he is, he is entitled to an estate by the curtesy in the share of the lands which descended to their son, John L. Sletor, as to which there was no report. As to the inchoate right of dower of Clara Lesher, no further report is needed, as by the fact of her marriage to Franklin L. Lesher, she has that right owing to the invalidity of section 7. *P. L. 1915 pp. 61, 65.*