JULIA M. MURPHY

*v.*

JOHN F. SKELLY et al.

[Decided October 17th, 1927.]

1. On an application to be relieved from a bid made at a sheriff's sale under a writ of *fieri facias* issued in a mortgage foreclosure suit, the fact that a wall of the building on the mortgaged premises over-hangs adjacent property, and that the property was not in a proper state of repair, and had been condemned, did not constitute a defect or cloud on the title, or disclose any lien or encumbrance in the premises within *4 Comp. Stat. p. 4686.*

2. Where the sheriff selling the mortgaged premises publicly announced that the wall of the premises encroached on adjoining property, and that suit was pending to condemn the property, a bidder attending the sale and failing to hear such announcements was not entitled to relief from his bid because of inattention thereto.

3. In an application by a bidder at a mortgage sale to be relieved of his bid, the existence of restrictive covenants in a deed appearing in the chain of title should have been made the basis of the original application, and was not ground for a rehearing as for newly-discovered evidence.

4. Newly-discovered evidence, to be a ground for a rehearing or for a new trial, is evidence which could not have been ascertained by the party by the exercise of reasonable diligence.

On appeal from an order of the court of chancery advised by Vice-Chancellor Bentley.

*Mr. Saul Nemser* and *Mr. I. Faerber Goldenhorn,* for the appellants.

*Mr. John J. Fallon, Jr.,* for the respondent.

The opinion of the court was delivered by

GUMMERE, CHIEF-JUSTICE.

The appeal in this case brings up for review an order of the court of chancery refusing an application of one Samuel

Silverman to be relieved from a bid made by him at a sheriff's sale held under a writ of *fieri facias* issued in a mortgage foreclosure suit, and also an order refusing a rehearing of that application.

The first ground upon which the original order refusing to relieve Silverman of his bid is attacked is that it is in direct violation of the right vested in Silverman by the thirty-fifth section of our Sale of Lands act, as amended in 1906. *Comp. Stat. p. 4686.* The section appealed to provides as follows:

> "Any purchaser of real estate at any public sale, held under the provisions of the act to which this is a supplement, * * * except at sales under general execution and actual levy thereunder, or for unpaid taxes or municipal liens, shall be entitled to be relieved from his bid if before delivery of the deed he shall satisfy the court by whose authority such sale was made of the existence of any substantial defect in, or cloud upon, the title of the premises sold which would render said title unmarketable, or of the existence of any lien or encumbrance thereon, unless a reasonable description of the estate or interest to be sold, and of the defects in title and liens or encumbrances thereon, with the approximate amount of said liens and encumbrances, if any, be inserted in the notices and advertisements required by law, and in the conditions of sale."

Silverman based his claim to be entitled to be relieved of his bid upon the following facts: That the west wall of the building upon the mortgaged premises was out of plumb and encroached upon land adjoining and owned by one Grassman; that a suit had been instituted by Grassman against the owners of the mortgaged premises, the purpose of which was to compel the latter either to tear down the building or to put it in a safe and stable condition; and that the building had been condemned by the inspector of buildings of the city of Hoboken, and ordered by him to be torn down; none of these facts having been set out either in the notices and advertisements of the sheriff's sale or in the conditions of that sale.

As we construe the statute appealed to, none of these alleged facts bring the petitioner's case within its protection— that is, they do not disclose any substantial *defect in or cloud upon the title of the premises* which would render such title

unmarketable, nor do they disclose the existence of any *liens or encumbrances* thereon. It may be conceded that the value of the property in the condition indicated is much less than it would have been if the building was in a proper state of repair. But this is immaterial so far as the effect of the statute is concerned. The title is not defective, although the value of the property has been depreciated. Nor does the fact that the wall of the building upon the mortgaged premises overhangs adjacent property constitute an encumbrance on *the mortgaged premises.*

It is further argued on behalf of the appellant that the court should have relieved him of his bid irrespective of the statute, because of the fact, as he claims, that he had no knowledge of the condition of the building upon the mortgaged premises or that it had been condemned by the municipal authorities. But it is proved by undisputed testimony that before putting up the mortgaged premises for sale the sheriff announced publicly that the west wall of the building upon the mortgaged premises leaned over on the Grassman tract one foot and five inches; that a suit was then pending in the court of chancery, brought by Grassman against the owners of the mortgaged premises, praying a decree that they be compelled to tear down the building or so much thereof as was necessary for the security and safety of the complainant's property, and that the inspector of buildings of Hoboken claimed that the building was in an unsafe condition and that the west wall thereof was leaning out of plumb, and that the front wall was cracked, due to the settlement of the west wall. It is difficult to understand how it happened that Silverman, who attended the sheriff's sale for the purpose of bidding on the mortgaged premises, failed to hear this public announcement; but, assuming that he did not hear it, he has no one to blame but himself for his carelessness, and was not entitled to be relieved from his bid because of his lack of attention when the sheriff made his announcement.

The appeal also brings up for review the order refusing Silverman's application for a rehearing. This application was based on the fact that the mortgaged premises were sub-

ject to a certain restrictive covenant contained in a deed appearing in the chain of title which prohibited the use of the premises for certain purposes mentioned in the covenant, and that this fact was not known to Silverman until after his original application to be relieved of his bid had been denied. The deed referred to was made on August 6th, 1870, more than fifty years before the sheriff's sale, and was duly recorded on the 18th of that month. There was no proof offered showing that this covenant was still in force at the time of the sheriff's sale and constituted a present restriction upon the user of the property. But if it be assumed, in the absence of proof to the contrary, that it remained as a restriction, then, as its existence was a matter of record, it should have been made a basis of Silverman's original application, for a search of the title would have disclosed it. This being so, the application for a rehearing, which was based solely upon this alleged newly-discovered evidence, was properly denied. It is entirely settled that newly-discovered evidence, within the meaning of that term, is evidence which could not have been ascertained by a party by the exercise of reasonable diligence, and that, unless it so appears, an application for a rehearing (or new trial) will not be granted.

The orders under review will, each of them, be affirmed.

*For reversal*—None.