The bill is to assign dower. The complainant and the deceased, Paul E. Gerhardt, were married December 14th, 1920. He died August 29th, 1929, testate. At the time of the marriage and until his death Gerhardt was seized in fee of five improved tracts of land in Newark. At the time of the marriage two of the properties were encumbered by a mortgage given by him to secure his bond, and another he purchased subject to a mortgage, and upon that tract he, after the marriage, gave a mortgage to secure his bond, in which the complainant did not join. Gerhardt left personal property sufficient to pay the bonds and mortgage given by him. The devisees and the executors are defendants. The bill calls upon the executors to exonerate the lands from the mortgage encumbrances.
It is the established rule that a widow is entitled to have her dower assigned free of encumbrances created by her husband to secure his debts and that his personal estate is charged with the duty of exonerating the land. Campbell v. Campbell, 30 N.J. Eq. 415; Burnet v. Burnet, 46 N.J. Eq. 144; In re Staiger,104 N.J. Eq. 149.
It is objected that the mortgage first mentioned is not within the rule because it was given before the marriage; *Page 376 
the contention being that the wife was endowed at marriage, of the land as it then stood, viz.: of the equity of redemption. This is not sound. Dower is of land of which the husband is seized during coverture whether he acquired it before or after marriage. The right of the widow to call upon the personal estate to clear the land of encumbrances given to secure the husband's debts, in favor of her dower, rests upon the rule that the personal estate is the primary fund out of which his debts are to be paid and out of which it is presumed he intended they should be paid, and on the ground that the husband's personal estate was enhanced by the proceeds from the encumbrance put on the land. The rule, originally evolved to the advantage of the heir at law, and extended to widows, comprehends the debts of the husband whether incurred and secured by his land before or after marriage. The right to exoneration was abolished in this state in 1924 as to heirs and devisees (P.L. 1924 p. 375) but not as to widows. The cases cited by the defendants deal only with the application of the rule. Burnet v. Burnet, supra, andMerselis v. Van Riper, 55 N.J. Eq. 618, hold, as was held inPotter v. Watkins, 104 N.J. Eq. 13, that as between the widow and the heir at law the rule is contribution, not exoneration, with respect to discharging mortgage encumbrance. In Thompson
v. Boyd, 22 N.J. Law 543, and Hartshorne v. Hartshorne,2 N.J. Eq. 349, dower was asserted in the equity of redemption, involving questions unrelated to the present inquiry. The complainant is entitled to dower in the land exonerated of the lien of the mortgage.
As to the mortgage on one of the pieces, subject to which the deceased purchased the property, there, of course, is no right to exoneration; the mortgage encumbrance was not the decedent's debt. McLenahan v. McLenahan and Johnston, 18 N.J. Eq. 101.
The tract mortgaged by the deceased, in which mortgage the wife did not join, is liable to the dower as though it were free of the encumbrance. Potter v. Watkins, supra.
In 1927 the legislature, by amendment to the Dower act, increased dower from one-third to a one-half interest in *Page 377 
lands of which the husband was seized during coverture. P.L.1927 ch. 68. The complainant claims the increased rate. Her husband was seized of the land and the marriage occurred before the enactment. At the time of the change in the law the dower was inchoate. Courts of other states have held, and text writers state that the legislature may increase, diminish or altogether abolish the right of dower in its inchoate state; that, as it is a mere expectancy or possibility, not arising out of the marriage contract, but created by a positive rule of law, the law that created it may destroy it, and it not being a vested right it is not within constitutional protection. Moore v. New York,8 N.Y. 110; Rumsey v. Sullivan, 150 N.Y. Supp. 287; Randall v.Krieger, 90 U.S. 137; 19 Corp. Jur. 461; 9 R.C.L. 556. Mr. Scribner in his work on Dower, after reviewing the cases, discusses the subject and arrives at the conclusion that the assumption that inchoate dower may be abolished by law because it is created by law does not seem to be well founded; for, as he says, upon that principle dower may be divested as well where it is consummate (that also being a creation of positive law) as where it is contingent. 2 Scrib. Dow. 9, c. All authorities agree that dower consummate cannot be taken away by law. Whatever the views may be in other jurisdictions, that entertained in this state is, that the inchoate right of dower, though not an estate in land, is a present, fixed and vested valuable interest of a wife in her husband's estate of inheritance, in land of which he is seized, defeasible upon predeceasing him. Class v. Strack,85 N.J. Eq. 319. And it is the law of this state, declared by this court, that the inchoate right of dower is protected by the constitution from legislative control. In re Alexander, 53 N.J. Eq. 96; Walker v. Bennett, 107 N.J. Eq. 151. Vice-Chancellor Bentley's remark in Murphy v. Skelly, 100 N.J. Eq. 193, that the inchoate right of curtesy may be abolished at will was in the nature of argument, not an adjudication, and the opinion in the case he cited as authority (Allen v. Hanks, 136 U.S. 300), is qualified, as pointed out by Vice-Chancellor Berry, in Walker
v. Burnett, supra. The point *Page 378 
evidently was not submitted on the appeal. 101 N.J. Eq. 793.
The pressing question is: Has the legislature the power to enlarge the inchoate right of dower and impose the additional burden upon the husband's land? Viewing the statute from this angle brings to the forefront the assurance of protection to property, to acquire and possess it, guaranteed by the first section of the bill of rights. That the amendment takes from the husband and gives to the wife an additional present and valuable interest in his land permits of no debate. That the inchoate dower during coverture is a mere right without enjoyment is beside the point. The right taken from the husband is of such a substantial nature as to preclude him, during coverture, from conveying the estate he had before the enactment. If the legislature has the power to increase the inchoate right by fractions it has the authority to increase it so that when consummate it will develop into a fee and altogether deprive the husband of his right of alienation. And the increase would extend to land conveyed by the husband during coverture wherein the wife did not join. It is not sound reasoning to liken this power to that exercised by the legislature over the law of descent and of wills. These laws confer privileges of devolution or of transfer of property at death which the legislature, in its wisdom, may change or altogether abolish. They do not affect rights safeguarded by the fundamental law and immune to legislative action.
It is presumed that legislative enactments are intended to be subject to the limitation prescribed by the constitution, and are to be so construed by the courts if possible. Following this rule of construction, it is held that the amendment under consideration operates only upon land of which the husband became seized after the act took effect. The complainant is entitled to be endowed of one-third of the land of which her husband was seized during coverture.
The dower should be assigned by an ascertainment of the net rentals from the death of the testator to date; and henceforth by the same process as they accrue, payable at stated times.Burton v. Mellis, 75 N.J. Eq. 10. Or, if any one *Page 379 
of the properties is equal in productive value to one-third the value of all, then that property may be assigned, at the election of the widow.
Dower must be assigned in each of the tracts; that is, the widow is entitled to a third of the net rentals of the separate properties. Scrib. Dow. 587.
Objection is made to assigning the dower as of the date of death because actual assignment, which is said was offered, was made impossible by the widow's demand for one-half instead of one-third of the estate. Actual assignment was a practical impossibility and the defendants lost nothing in withholding a third of the rentals.