The complainant married his wife, Wilhelmina, May 1st, 1915. By deed dated April 8th, 1920, and recorded the following day, her parents conveyed to her in fee lands situate in this state. The conveyance was without valuable consideration passing from the grantee to the grantors and was, in fact, a gift from father and mother to their daughter. The complainant's wife died October 6th, 1930, intestate, seized of said lands, leaving the complainant and brothers and sisters surviving her. She had never given birth to a child. The question presented for solution is: What estate, if any, does the complainant husband take in said lands?
At the time of marriage, the complainant was entitled to a prospective right of curtesy in lands his wife then owned or which she might thereafter acquire, such prospective right to become consummate upon birth of issue of the marriage. *Page 336 
Curtesy consummate was then the right to hold said lands for his life in case he survived his wife. Reese v. Stires, 87 N.J. Eq. 32.
In the event of his wife's death without having had issue, the complainant could take nothing and said lands would descend to his wife's brothers and sisters. Comp. Stat. p. 1918
§ 2.
By act approved March 3d 1915, to take effect July 4th, 1915, curtesy was abolished and in all cases where a wife died intestate seized of lands, the surviving husband was given a life estate in one-third of said lands. P.L. 1915 p. 61. So much of this act as abolished curtesy was declared unconstitutional (Reese v. Stires, supra), and both provisions were repealed by act approved March 29th, 1917. P.L. 1917 p. 844.
By act passed March 17th, 1926, to take effect immediately, it was provided that when any married person shall die intestate, without issue, leaving a husband or wife, the survivor shall take an entire estate in the deceased's lands, provided "this act shall apply only to property of which husband and wife may die seized of, which had been purchased by husband or wife during coverture." P.L. 1926 p. 77.
It is questioned in the instant case whether the lands of which the complainant's wife died seized had been "purchased," she having acquired title thereto by gift from her parents, but I do not deem it necessary to consider that question.
The next act on the subject is entitled "An act relative to curtesy" and was approved March 14th, 1927, to take effect January 1st, 1929. It provides that the husband of a woman who dies intestate, or otherwise, shall be endowed for life, of one half of the lands whereof his wife was seized, whether lawful issue be born or not. P.L. 1927 p. 128.
The next act is a supplement to P.L. 1927 p. 128, and was approved March 28th, 1927, to take effect January 1st, 1929. It provides that nothing contained in P. L 1927 p. 128, shall be construed to in any way affect or impair the provisions of P.L.1926 p. 77. P.L. 1927 p. 474. *Page 337 
Next is an act which is an amendment to P.L. 1927 p. 128, and was approved April 3d 1928, to take effect January 1st, 1929. Its provision is identical with P.L. 1927 p. 128, except that the act of 1927 speaks of lawful issue born alive, while the act of 1928 speaks merely of issue. P.L. 1928 p. 380.
It will be seen on the facts here present, that under the law as to curtesy in force at complainant's marriage and at the time his wife acquired the real property in question, the complainant would be entitled to no estate in his wife's lands at her death; that under P.L. 1915 p. 61, approved before before his marriage but not taking effect until after his marriage, his rights were increased to a life estate in one-third of said lands and that such estate was taken away by the repealer (P.L. 1917 p. 844); that under P.L. 1926 p. 77, he was given the whole of said lands if the same were "purchased" by his wife; that under P.L.1927 p. 128, which impliedly repealed P.L. 1926 p. 77, he was reduced to one-half of said lands for life; that P.L. 1927 p.474 provided that P.L. 1927 p. 128 should not affect the provisions of P.L. 1926 p. 77, and therefore his rights were again stated as a fee in the whole; that by P.L. 1928 p. 380, which is the last act on the subject, he was again reduced to one-half of said lands for life and that this last act, although it contains no express repealer, impliedly repeals all inconsistent acts.
When complainant's wife acquired title to the lands in question in 1920, the complainant's rights therein were fixed by the law then in force and his interest was a vested right subject to be defeated by his death prior to his wife, or in case he survived her, by her death without having had issue. Reese v. Stires,supra; Bucci v. Popovich, 93 N.J. Eq. 121; affirmed, Ibid. 511;Mullen v. Mullen, 98 N.J. Eq. 90; affirmed, Ibid. 727. He then had but a prospective or inchoate right of curtesy which could not have become consummate unless issue was born of the marriage; and no issue was born. The complainant contends that his rights were *Page 338 
increased from what was practically nothing, to an estate in fee by P.L. 1926 p. 77, and fixed by that act beyond diminution. If the legislature had power to enlarge his complainant's curtesy rights, it certainly had the power to diminish or entirely abolish them and the act (P.L. 1928 p. 380) purports to reduce the entire estate in fee which he claims, to one-half of the lands for life. However, I do not think it was the legislative intent, by acts passed after the complainant's rights had once become fixed and vested, to enlarge such rights and thus place a greater burden on his wife's lands, or to affect in any way the right or interest which vested in the complainant at the time his wife became the owner of the lands. I think that in ascertaining the meaning and intent of the several statutes to which I have referred, it must be presumed that the legislature did not intend to affect, enlarge or diminish the estate of curtesy as it existed prior to the enactments, but rather intended that such legislation should operate only on land which might be acquired after their passage. In re Alexander, 53 N.J. Eq. 96; Gerhardt
v. Sullivan, 107 N.J. Eq. 374; Riley v. Riley, Ibid. 372.
I conclude that upon the death of complainant's wife the complainant took no estate in the lands conveyed to her in 1920 and that the same descended to her brothers and sisters. *Page 339