Michael Kicey, being seized of certain real estate, died in 1930, intestate, and without issue, leaving him surviving his *Page 460 
widow (now deceased) and seven brothers and sisters — two of whom have filed bill for partition on the theory that the title to the property passed to the brothers and sisters as tenants in common. Defendants move to dismiss the bill, contending that title passed to the widow and not to the brothers and sisters, and that complainants therefore have no interest in the premises.
By the provisions of the statute, as it existed for many years, the inheritance devolved upon surviving brothers and sisters to the exclusion of a surviving spouse. Descent act, Comp. Stat. p.1917. Under the circumstances mentioned the wife had an estate of dower, but nothing else. Dower act, Comp. Stat. p. 2043.
The Descent act was amended in 1915 (P.L. 1915 p. 61); but this amendment, so far as it attempted to abolish dower and curtesy and create estates in place thereof, was repealed byP.L. 1917 p. 844, and need not, at this time, be further considered. In 1926, however, a supplementary amendment to the Descent act was enacted (P.L. 1926 p. 77), providing that thenceforth, on the death of a married person, intestate and without leaving issue but leaving a husband or wife, the husband or wife shall take an entire estate in fee-simple in such of the decedent's lands as were purchased by him or her during coverture.
The premises involved in this suit were purchased by decedent during coverture. Prima facie, therefore, by virtue of this act of 1926, the title to the premises passed on his death to his widow, and complainants have no title to support their bill (their claim of title is based solely on the law of intestate inheritance).
It appears by the bill, however, that decedent's purchase of the premises was prior to 1926, and it is the contention of complainants that the act of 1926 has no operative effect in the case sub judice; that it was not intended to effect lands purchased prior to its passage. They rely on McGoldrick v.Grebenstein, 108 N.J. Eq. 335; 154 Atl. Rep. 844 (a case involving curtesy instead of dower), which so holds.
The determination in the case of Weyer v. Weyer, 106 *Page 461 N.J. Eq. 112; 150 Atl. Rep. 232, however, is in this respect essentially, if not in strict technicality, directly in conflict with that in the McGoldrick Case, supra, and notwithstanding the fact that the McGoldrick decision is subsequent to theWeyer opinion, the determination in the Weyer Case is deemed controlling in the present case, because the Weyer Case, like the present case, involves dower instead of curtesy, and the decision therein was affirmed by the court of errors and appeals on the chancery opinion. Weyer v. Weyer 107 N.J. Eq. 593;154 Atl. Rep. 630.
None of the matters and considerations discussed by, and forming the basis for the conclusion of, the court in theMcGoldrick Case appear to have been presented to, or considered by, the court in the Weyer Case; no mention is made of them in the opinion. It is urged by complainants that because of that fact, and because the McGoldrick opinion is subsequent to bothWeyer opinions and is the latest pronouncement of this court in the premises, it is open to this court in the present case to consider the present issue from the standpoint of the considerations discussed in the McGoldrick Case; and that if that be done, a conclusion will be reached in the present case in conformity with that in the McGoldrick Case. Assuming (but by no means deciding) the correctness of the premises of this argument under all the circumstances, nevertheless a contrary conclusion is arrived at.
Consideration of the McGoldrick opinion shows that the court there considered not only the acts of 1926, 1915 and 1917 hereinbefore mentioned, but also three other acts relating tocurtesy — namely, P.L. 1927 p. 128; P.L. 1927 p. 474, andP.L. 1928 p. 380 — and considered them all as in the single category of statutes affecting the interest of a husband in the lands of a wife who dies intestate. It gives no consideration to — not even mention of — the fact that the act of 1926 is an amendment to the Descent act instead of an act affecting curtesy. Obviously that fact was not brought to the attention of the court.
It is of course true, as stated in the McGoldrick Case, that *Page 462 
the legislative enactments affecting curtesy (and so also as to dower) are to be interpreted as intended to be operative only as to estates of curtesy (or dower) thereafter arising, and as not affecting such estates of that nature as had already come into even inchoate existence. Such estates or interests, even though inchoate, are nevertheless vested interests. Reese v.Stires, 87 N.J. Eq. 32 (at p. 35); 103 Atl. Rep. 679. They cannot be defeated or impaired by conveyance or devise by the owner of the fee; neither can they be enlarged nor diminishd by the legislature. Walker v. Bennett, 107 N.J. Eq. 151;152 Atl. Rep. 9 (curtesy); Gerhardt v. Sullivan, 107 N.J. Eq. 374;152 Atl. Rep. 663 (dower).
The same thing, however, is not true as to legislation affecting the devolution of title to the fee at the death of the owner — as is pointed out in the Gerhardt Case, supra (at p.378). One who, by virtue of the statute of descent as its provisions exist to-day, will become entitled to the ownership of certain real estate if the owner dies intestate and without having previously conveyed it, has no vested interest, inchoate or otherwise, in that real estate — he has nothing more than a mere expectancy or hope. The owner may convey the lands to others during his lifetime, or may devise it to others, without impairing any right of the "heir expectant." So also the legislature may alter the statute of descent so as to provide that the title shall, on the death of the owner, intestate, pass to a person quite other than the person to whom it would pass by the present provisions of that act — likewise without impairing any right of the "heir expectant," and without impairing any right of the present owner. The latter may still accomplish the transfer of title to the present "heir expectant," if he so desire, by testamentary devise; and in any event, the owner has no right, other than that created by statute, to transfer his property at death, either by will or intestate succession — no "right" in that respect, therefore, which is not subject to change by the legislature at any time.
Clearly, then, there is no basis for a presumption, in the absence of language indicating such an intent, that a legislative *Page 463 
enactment altering the statute of descent is intended not to apply to lands the title to which had already been acquired by the subsequent intestate, prior to the date of the amending act. There is no language in the act of 1926 indicating such an intent; quite the contrary.
It remains to be considered whether the provisions of the act of 1926 have been subsequently altered. There appears to have been no subsequent amendment of the Descent act, as such. TheMcGoldrick opinion (supra) states (page 337) that the act of 1926 was impliedly repealed by P.L. 1927 p. 128; was revived byP.L. 1927 p. 474; and was again impliedly repealed by P.L.1928 p. 380. The last three acts relate to curtesy; to the first two of them there are companion acts relating to dower, to wit:P.L. 1927 p. 124; P.L. 1297 p. 473. Counsel for complainants contends that, similarly, the effect of these amendments to the Dower act have resulted in the implied repeal of the act of 1926. This contention is deemed unsound.
In the first place the McGoldrick Case gives neither reason nor authority for its statement in this behalf; and the conclusion is obviously based upon a premise which proves to be untrue in fact, as has been already pointed out.
In the second place, the curtesy amendment (P.L. 1928 p.380), which is said to repeal by implication the statute of 1926, has no companion act relating to dower. The latest enactment as to dower is P.L. 1927 p. 124 (which increases the dower right to a life interest in one-half, instead of one-third, of the husband's lands); and this, by the express provisions ofP.L. 1927 p. 473, in nowise affects or impairs the provisions of the 1926 amendment to the Descent act. The similar express statement in P.L. 1927 p. 474 was not altered by P.L. 1928 p.380.
In the third place, it is difficult to see how the Dower and Curtesy acts of 1927 (P.L. 1927 p. 124 and p. 128) could have effected the repeal of the Descent act amendment of 1926, even if they had been so intended (which they were not, as proven byP.L. 1927 p. 473 and P.L. 1927 p. 474). It was held by Chancellor Walker, in Reese v. Stires, supra, *Page 464 
that dower and curtesy could not constitutionally be abolished by an act entitled only as an amendment to the Descent act with no mention of dower or curtesy. Conversely, statutes whose titles mention only dower or curtesy, and not descent, can scarcely be effective to accomplish a valid change in the statutory provisions as to the intestate devolution of title to real estate.
Finally — even assuming that there were no such constitutional prohibition; and assuming that because of conflict and inconsistency between them, a statute on the subject of dower or curtesy might be demed to repeal by implication a statute on the subject of descent, or vice versa — there is no conflict between the dower and curtesy statutes of 1927 on the one hand and the descent amendment of 1926 on the other hand, which would justify such an implication; there is indeed no conflict or inconsistency between them whatever — nor is the situation to-day, as regards the relationship of the law on the two subjects, in anywise essentially different in legal theory and contemplation, from the situation existing prior to 1926.
Long prior to 1926, spouses were included among the possible "heirs at law" designated in the Descent act; likewise, they not only were possible devisees, but were in fact devisees in a vast number of instances. At the same time the estates or interests of dower and curtesy existed, differing only as to extent, but not as to nature or characteristics, from those that exist to-day.
No conflict or inconsistency existed between the operation of the law as to dower or curtesy and the operation of the law as to devise or intestate succession. If a spouse having a right of dower or curtesy became vested with the fee by devise or intestate succession, the former became merged in the latter.
The same thing continued to be true after the passage of the 1926 amendment to the Descent act. The only change made thereby was a change in the position of a spouse in the order of priority among those designated as intestate successors, as to certain kinds of lands (i.e., lands acquired during coverture and bypurchase). And the same thing still continued *Page 465 
to be true after the passage of the 1927 statutes as to dower and curtesy. The only change made by them was in the amount of lands which should in the future be affected by the life estate — dower was increased to a life estate in one-half the lands instead of one-third, and curtesy was decreased to a life estate in one-half the lands instead of the whole.
It is concluded that the act of 1926 remained and was in full force and effect at the death of Michael Kicey; and that the bill of complaint shows no title in complainants to support it.
The motion to dismiss the bill must prevail.
It may be added that the present motion was made before the chancellor — in accordance with the spirit of the principle set forth in Gregory v. Gregory, 67 N.J. Eq. 7 (at p. 11), bottom; 58 Atl. Rep. 287 — and by the chancellor referred to me; that these conclusions have been submitted to the chancellor and are concurred in by him.
Since the foregoing opinion was written there has been published the opinion in Borgquist v. Ferris, 112 N.J. Eq. 324,
wherein (just as in the Weyer Case) it is adjudicated that under the act of 1926 the husband succeeds on the death of his wife to the title to lands which were purchased by her during coverture prior to 1926; but no mention is made of the matter discussed in the McGoldrick opinion; apparently those questions were not raised, argued or considered. *Page 466