After the filing and publication of the opinion herein, reported 112 N.J. Eq. 324, counsel for the complainant applied informally for leave to reargue because of its apparent conflict with the decision of this court in McGoldrick v. Grebenstein,108 N.J. Eq. 335, on a point neither argued nor considered in the instant case. The motion having been prompted by one of the governmental departments of this state, it is *Page 558 
deemed advisable that I state my views on the question now raised, which is whether or not chapter 41, P.L. 1926 (Cum.Supp. Comp. Stat. p. 454 § 13b), was impliedly repealed by chapter 209, P.L. 1928. Cum. Supp. Comp. Stat. p. 488.
In the McGoldrick Case it was held that the 1926 act was so repealed by that of 1928. I am unable to agree with that finding and my conclusion is to the contrary for the following reasons:
The title of the 1926 act by virtue of which I held, in my former opinion herein, that the husband is entitled to a fee, is: "A supplement to an act entitled `An act directing descent of real estate,' approved March 9th, one thousand eight hundred and seventy-seven."
The 1928 act referred to is amendatory of an act approved on March 14th, 1927. P.L. 1927 p. 128. Its title is "An act relative to curtesy."
Fourteen days after the passage of the curtesy act the legislature passed a supplement (P.L. 1927 p. 474) reading as follows: "Nothing contained in the act to which this act is a supplement shall be construed to in any way affect or impair the provisions of an act entitled `A supplement to an act entitled an act directing the descent of real estate,' approved March 9th, 1877, which said supplement was approved March 17th, 1926." The 1926 act referred to is the one mentioned above.
Then came P.L. 1928 p. 380, which amends P.L. 1927 p. 128
only by the omission of the word "lawful" immediately preceding the word "issue" in the first section.
It is interesting to note that on the same day that the legislature passed the 1927 supplement to the Curtesy act (P.L.1927 p. 474) by the terms of which it preserved the Descent act of 1926, it passed two supplements to the act relative to dower, in each of which it reiterated its intention to preserve the 1926 statute. P.L. 1927 pp. 472, 473.
In addition to the fact that our legislature has evinced a clear and unmistakable intention that its 1926 act relating to descent should not be disturbed by its 1927 act relating to curtesy, there is in our law a settled principle that repealer *Page 559 
by implication is not favored. In Hotel Registry Realty Corp.
v. Stafford, 70 N.J. Law 528 (at p. 536), it was said:
"Implied repealers are not favored in the law. The question is one of legislative intent in each case. Where the later statute is not necessarily repugnant to the former, but on a fair construction may be treated as cumulative or supplementary, so that both acts may stand together, the intent to repeal is not implied from the fact that the later legislative provision differs from the earlier."
See, also, Hartley v. County Board of Elections,93 N.J. Law 313; Vail v. Easton and Amboy Railroad Co., 44 N.J. Law 237.
The two statutes in question deal with different and distinct subject-matters and they have been treated separately from each other throughout the entire legislative history of our state. From earliest times we have considered the subject of dower and curtesy apart from the subject of descent, and the statutes affecting each of these subjects have stood continuously unaffected by the legislation upon the other.
In the Revision of 1821 of the laws of New Jersey at page 608, in "An act directing the descent of real estates," passed January 29th, 1817, revising the act of 1780, it is provided:
"Provided always, and be it enacted, that nothing herein contained shall be construed or taken to bar or injure the rights or estate of a husband, as a tenant by the curtesy, or a widow"s right of dower, or to make void, or in any way affect any marriage settlement."
In the same revision, at page 397, there appears "An act relative to dower," passed January 31st, 1799. It is interesting to note that in this old statute, the same language is used which is employed in the 1927 act relative to curtesy, namely "that the widow, whether alien or not, or any person dying intestate or otherwise, shall be endowed," c. The legislature, when passing the 1927 act, was apparently merely repeating this ancient language without having in mind any purpose to change the law of descent thereby.
In the revision of 1877 the Descent act, approved April 16th, 1846, is printed at page 297, et seq. It appears from *Page 560 
the marginal notes that it is a revision of acts passed in 1835 and 1838. In the same book at page 320, et seq., is printed the act relative to dower, also approved April 16th, 1846. This is a distinct act, having no apparent relation to the Descent act. The method of ascertaining and obtaining dower is entirely different from the method of inheriting land under the Descent act. Wherever there would appear to be any conflict between the two acts, as in section 6 of the Descent act, the legislature provided that neither dower nor curtesy should be affected by the provisions of that act. The same parallel legislation is to be found in the revision of 1895, and in Comp. Stat. 1910 and up to the present time.
There appears to have been little legislation with respect to curtesy until 1927, but the same principles are applicable to curtesy as to dower. Walker v. Bennett, 107 N.J. Eq. 151.
The complete lack of connection between the subject of dower and curtesy on the one hand, and descent on the other hand, is pointedly demonstrated in the opinion of the late Chancellor Walker in the case of Reese v. Stires, 87 N.J. Eq. 32, in which he held the seventh section of P.L. 1915, p. 65, unconstitutional because it was not within the title of the act.
That title is as follows: "An act amendatory of and supplemental to an act entitled `An act directing the descent of real estate,' approved April 16th, 1846." In section 7 it is provided that estates of dower and curtesy are abolished. The chancellor said that the single object expressed in the title is to direct the descent of real estate. He defines the estates of dower and curtesy, showing that they arise out of the marriage relation, and that they are entirely distinct from rights arising by descent. On page 37 of the opinion he says:
"* * * Legislation respecting dower and curtesy, which arise out of the marriage relation and vest in the relicts of deceased spouses, and which do not descend as to an heir-at-law, cannot, in my judgment, be constitutionally included in an act whose object is the direction of the descent of real estate. * * *."
In view of that decision, that the legislature cannot alter *Page 561 
the law of curtesy in an act entitled "An act directing the descent of real estate," it follows that the law of descent cannot constitutionally be amended or repealed in an act entitled "An act relative to curtesy." And certainly, the legislature cannot do by implication that which it cannot do by express enactment.
Vice-Chancellor Backes in the case of Gerhardt v. Sullivan,107 N.J. Eq. 374, dealt with the question as to whether the legislature had the right to enlarge the inchoate right of dower and thereby impose an additional burden upon the husband's land. Where inchoate rights of dower are increased, he says, the rights taken from the husband are so substantial as to preclude him, during coverture, from conveying the estate which he had before the enactment. On page 378 of the opinion he says:
"* * * If the legislature has the power to increase the inchoate right by fractions it has the authority to increase it so that when consummate it will develop into a fee and altogether deprive the husband of his right of alienation. And the increase would extend to land conveyed by the husband during coverture wherein the wife did not join. It is not sound reasoning toliken this power to that exercised by the legislature over thelaw of descent and of wills. These laws confer privileges of devolution or of transfer of property at death which the legislature, in its wisdom, may change or altogether abolish. They do not affect rights safeguarded by the fundamental law and immune to legislative action." (Italics mine.)
In Weyer v. Weyer, 106 N.J. Eq. 112; affirmed, 107 N.J. Eq. 593,
Vice-Chancellor Church, recognizing that the 1926 act is a "Descent act" and not a "Curtesy act," said: "That the word `hereafter,' being the first word in the act, refers to death and not to purchase."
It is an established rule of statutory construction that resort to a repeal by implication is not to be had where there is a possibility of reconciling the acts, and that the courts should make every effort to sustain the validity of both statutes.M'Neely v. Woodruff, 13 N.J. Law 352. *Page 562 
This rule should be adopted by the court where the two statutes are not necessarily inconsistent with each other.
The following situation will demonstrate the applicability of the 1926 act and the 1927 act, as amended:
A married woman dies intestate without leaving lawful issue, seized in fee-simple of two pieces of real estate, one of which she acquired before coverture and the other of which she purchased during coverture. Under the 1926 amendment to the Descent act, the land purchased during coverture would go to the husband in fee. Under the 1927 act, relative to curtesy, the surviving husband would take a life interest in one-half of the lands acquired before coverture. There would be no difficulty in applying both of these acts to the separate pieces of real estate.
I am still of the opinion, therefore, that the 1926 act is in force and that it applies to the case in hand, and that the acts relating to curtesy are not applicable.