### Robert O. Babbitt et al.

#### v.

### Frederick K. Day.

The common law right of survivorship among joint tenants of lands has not been abolished in this state by statute, and therefore, on a bill for specific performance of a contract to convey lands, it is not a valid objection to the title that the wives of complainants' grantors, who were joint tenants, did not join in their deed to complainants for the premises.

---

Bill for specific performance. On general demurrer.

*Messrs. Babbitt & Lawrence,* for complainants.

*Messrs. E. A. & W. T. Day,* for demurrant.

The Chancellor.

This is a suit for specific performance of a contract for sale of real estate by the complainants to the defendant. The objection made to the title is that the wives of the complainants' grantors, who held the title as joint tenants in fee, did not join in the conveyance to the complainants, and it is urged that the wives,

who are living, may have a right of dower in the property.   By the common law, no title of dower attaches where the husband is seized of the land jointly with another or others.   This is owing to the nature of the estate of joint tenants.   The possibility, so long as the joint ownership subsists, that the estate of each tenant may be wholly defeated by his dying in the lifetime of the other or others, prevents the attaching of the right of dower in the wives of any of the tenants, except the survivor.   The estate which the husband must have to entitle his wife to dower is one in severalty or in common.   The unity of interest in joint tenancies (each tenant is seized *per my et per tout*) prevents the admission of a right of dower or curtesy, except as to the estate of the survivor.   On the decease of one joint tenant the survivor holds the whole property under and by virtue of the original grant, and holds no · part of it in anywise under the decedent. *2 Cruise's Dig. 444.*

We have not, in this state, changed the law in respect to dower in such estates either by statute or legal adjudication. The statute, it is true, provides that the wife shall have dower in all the real estate of which her husband or any other to his use, was seized of an *estate of inheritance* at any time during the coverture, to which she shall not have relinquished her right of dower by deed duly executed and acknowledged (*Rev. p. 320*), and an estate in joint tenancy is, in terms, an estate of inheritance, but the right of survivorship in such estates has not been abolished.   Such estates are recognized by statute (*Rev. p. 167 § 78*), and they retain their common law characteristics. By the term "estate of inheritance" in the statute is meant an estate of inheritance in severalty or in common.   Estates in joint tenancy are not included.   The demurrer will be overruled.