177 N.J. Super. 193 (1980)
425 A.2d 1095
GIRARD ACCEPTANCE CORPORATION, PLAINTIFF,
v.
JOSEPH B. STOOP AND CATHERINE I. STOOP, DEFENDANTS.
Superior Court of New Jersey, Chancery Division Mercer County.
Decided December 24, 1980.
*194 Philip J. Moran, argued the motion for defendant Catherine I. Stoop (Moran, Mordas & King, attorneys).
DREIER, J.S.C.
The question before the court is whether a curtesy interest exists in property once held by the entireties but which, following foreclosure of the husband's equity of redemption, his wife holds as a tenant in common with the foreclosing mortgagee.[1]
*195 Defendants Joseph and Catherine Stoop owned certain real property, which was their family home. By violence and threats of further violence, Stoop forced his wife and their three children out of the home, but he continued to live in it, joined there by a female friend. The Stoop home was encumbered by two mortgages. During the period that Mrs. Stoop was absent both mortgages became delinquent whereupon plaintiff, Girard Acceptance Corp., the second mortgagee, elected to foreclose. Papers were served on Stoop's friend, on the assumption that she was Mrs. Stoop. Mrs. Stoop herself received no notice and the first she learned of the foreclosure was when she saw the house advertised for sheriff's sale. At that point she retained an attorney and sought relief in Chancery court. On July 23, 1979, Judge Morton Greenberg ordered the default judgment obtained by plaintiff set aside, insofar as it affected the right, title and interest of defendant Catherine Stoop.
Subsequent to Judge Greenberg's order Mrs. Stoop sold her interest in the premises. This court now is asked to decide if Joseph Stoop had a curtesy interest in the interest sold by his wife since Continental Title Insurance Company has required that proceeds of the sale[2] be placed in escrow until the issue is resolved. Catherine Stoop has petitioned for an order declaring that the Girard foreclosure cut off all interests held by her husband.
After foreclosure on the joint debt of both spouses all interest of both defendants in the subject property ceased to exist. If Judge Greenberg's order of July 23rd had created a new interest in fee in Mrs. Stoop, a curtesy interest might be thought of as then attaching to such interest, since she would have been seized of an estate of inheritance during coverture. See N.J.S.A. *196 3A:35-2.[3] In such an instance, the circumstances of this case might have justified the court's imposition of a constructive trust. Cf. In re Estate of Kalfus, 81 N.J. Super. 435 (Ch.Div. 1963). The court need not, however, address these questions since it seems clear that Judge Greenberg's order did not create a new interest in Mrs. Stoop. It resurrected her original interest. She stood in the same position as if the debt which had been foreclosed were her husband's alone; that is, she held the property as tenant in common with the mortgagee. Newman v. Chase, 70 N.J. 254 (1976).
The question of Stoop's curtesy interest is not fully answered, however, by a finding that his wife had no more than her share of their previous tenancy by the entireties. No New Jersey authority the court has consulted addresses directly the question of whether tenants by the entirety hold, in addition to their own undivided interest in the whole estate[4], a separable curtesy or dower interest in the undivided interest of the spouse. If such interest existed before the estate was divided, it would continue to exist when, as here, one spouse was left holding in common with a mortgagee.
Cases arising under the curtesy and dower statutes seem uniformly to involve property held separately by one or the other spouse. Yet the statute is not by its terms limited to property separately held:
The widower ... shall be endowed, for the term of his natural life, of the 1 full and equal half part of all real estate whereof his wife, or another to her use, *197 was seized of an estate of inheritance at any time during coverture ... N.J.S.A. 3A:35-2.[5]
Nearly a century ago, in Babbitt v. Day, 41 N.J. Eq. 392, 393 (Ch. 1886) Chancellor Runyon came close to disposing of the issue. Dealing there with a wife's claim to dower[6] in lands separately held by her husband in joint tenancy with a third party, he held she had no dower in such lands unless by survivorship her husband ceased to hold as a joint tenant:
[A]n estate in joint tenancy is, in terms, an estate of inheritance ... [However, by] the terms "estate of inheritance" in the statute is meant an estate of inheritance in severalty or in common. Estates in joint tenancy are not included.
An easy and logical jump would extend this ruling to one that held estates by the entireties are likewise not included. However, the dower and curtesy statutes were amended subsequent to Babbitt without incorporating the limitation made by the Chancellor. More significantly for the problem immediately before this court, later statutes touching on dower and curtesy suggest a legislative intent that curtesy and dower might attach to property held by the entireties.
Under N.J.S.A. 37:2-18, husbands and wives may create a tenancy by the entireties out of property previously held by either alone, by conveyance to the spouse, and may in so doing release curtesy and dower rights, but apparently they do so only by a writing stating that intent. The relevant language is:
Any such conveyance shall also release the inchoate or possible future estate by the curtesy or in dower of the husband or wife, as the case may be, in the lands conveyed to the grantee, if so provided in such conveyance.[7]
*198 The implication is that without such a writing a curtesy or dower interest survives the conversion of separate property into property by the entireties. No case we have found construing the statute addresses this aspect of it. Yet the import of the statute is clearly that by such transfer a man and wife may create tenancies by the entirety identical in all characteristics to those created by a conveyance to both simultaneously. This court must therefore consider whether one characteristic of all such tenancies is an inchoate dower or curtesy right. The court finds against the existence of such right on two bases.
The first is that curtesy can only exist in an "estate of inheritance." The Babbitt court, stated, "an estate in joint tenancy is, in terms, an estate of inheritance." 41 N.J. Eq. at 393. However, the weight of authority is against this proposition. According to Professor Powell, concurrent estates which include a right of survivorship do not meet the statutory prerequisite of an "estate of inheritance." 2 Powell on Real Property (1977 Ed.) § 210 at 161-162. See also Tiffany, The Law of Real Property (3 Ed. 1970) §§ 244, 277.
There is a second basis founded on policy for holding no such rights exist. Our courts historically have recognized dower and curtesy as rights created for the special protection of a married man or woman on the death of a spouse. See, for the most recent such discussion, Fire Guard Sprinkler Corp. v. Manolio, 171 N.J. Super. 333 (App.Div. 1979), aff'd o.b. 84 N.J. 485 (1980). The tenancy by the entirety is a form of estate in land created to achieve many of the same ends by a different route. King v. Greene, supra. In other words, the protective rights created in the two statutes largely overlap. Where a husband owns, by the nature of his estate, an undivided one-half interest and a survivorship right in the whole, he has already more protection than *199 the curtesy right (as amended by statute) was intended to grant.[8]
Our courts have apparently assumed that no such duplicative right exists. Since Catherine Stoop, after the July 23rd order, held nothing other than the interest vested in her while she was a tenant by the entirety, Joseph Stoop possessed no interest in her property.
Counsel for Mrs. Stoop should present an order in conformity with this opinion pursuant to R. 4:42-1.
NOTES
[1] Rights of dower and curtesy were abolished by the Legislature effective May, 1980. N.J.S.A. 3A:35-5. The statute does not make clear that rights vested before that date remain alive. No case has construed the new statute. We construe it today in accordance with the interpretation of other statutes altering the dower and curtesy interest. N.J.S.A. 3A:35-2, for example, was effective in 1929, increasing the interest from 1/3 to 1/2 of the affected property. Cases arising under that statute uniformly held it was intended to apply only to lands wherein seizin during coverture commenced after the date specified for the statute to take effect. See Kicey v. Kicey, 112 N.J. Eq. 459, 462 (Ch. 1933), aff'd 114 N.J. Eq. 116 (E. & A. 1933). See also the extensive discussion in Brasko v. Duchek, 127 N.J. Eq. 567, 569-576 (Prerog.Ct. 1940). In part, the rationale of those cases was that the Legislature could not retrospectively burden vested property rights by imposing on the separate property of husband and wife a greater incumbrance than when it vested. Gerhardt v. Sullivan, 107 N.J. Eq. 374 (Ch. 1930). Cf. the Supreme Court's discussion in Rothman v. Rothman, 65 N.J. 219, 230-231 (1974) distinguishing the taking of such purely private rights, no public interest being served thereby, from the taking involved in equitable distribution following a decree of divorce. Certainly the Legislature would not retrospectively destroy such vested private rights altogether. The legislative statement accompanying the bills favors this interpretation. ("It would abolish the rights of dower and curtesy which would attach as to all estates of inheritance in real property acquired ... subsequent to the effective date of this act.") We therefore construe N.J.S.A. 3A:35-5 to affect property acquired only after its effective date. Mr. and Mrs. Stoop held the property as tenants by the entireties before that date.
[2] The Stoop house sold for $33,900. but the proceeds at issue amount to only $2,376.39. Among the costs of selling for defendant wife were $2,652.05 for repairs necessitated by the condition in which defendant husband had left the house and $4,441.39 to satisfy a judgment against defendant husband for "shooting up" a bar where he was refused further service.
[3] Mrs. Stoop was, by mutually executed agreement, separated from her husband before this interest arose and had by then filed for divorce, but nothing short of a final divorce decree rendered before her acquisition of the property would be effective to deny Stoop a curtesy interest in that property. Hollander v. Abrams, 99 N.J. Eq. 254, 269-270 (Ch. 1926); Mullen v. Mullen, 98 N.J. Eq. 90, 91-92 (Ch. 1925), aff'd o.b. 98 N.J. Eq. 727, 728 (E. & A. 1925).
[4] For a definitive discussion of the characteristics of the tenancy by the entireties, see King v. Greene, 30 N.J. 395, 400 (1959).
[5] As to whether or not a tenancy by the entireties is an estate of inheritance, see discussion below.
[6] Because N.J.S.A. 3A:35-2 provides that dower and curtesy shall be treated in the same way, this case is applicable to a claim for curtesy.
[7] See also N.J.S.A. 37:2-18.1 for the same requirement of specifically stated relinquishment for release of curtesy interest in general.
[8] By way of close analogy, note the Senate Judiciary Committee statement accompanying the bill to abolish dower and curtesy. "The committee amendments are intended to emphasize that the rights of dower and curtesy are abolished only as to estates to which surviving spouses have a right to an elective share." The elective share is a third route taken for the protection of a surviving spouse. The Legislature makes clear it lifts the dower and curtesy protection only because it is redundant.