206 N.J. Super. 159 (1985)
501 A.2d 1072
IN THE MATTER OF THE ESTATE OF FRED DEL GUERCIO, DECEASED.
Superior Court of New Jersey, Law Division Probate Part, Monmouth County.
September 25, 1985.
*161 Evan W. Broadbelt for plaintiff Janet Del Guercio (Kim S. Melton on the brief).
John DeMassi for the devisees (Gasiorowski and DeMassi, attorneys).
McGANN, Jr., J.S.C.
Fred Del Guercio died on December 7, 1984 a resident of Monmouth County. His will, dated July 13, 1984, was duly probated by the Surrogate of Monmouth County on December 20, 1984. His children, Fred Del Guercio and Margaret Del Guercio, qualified as co-executors.
The decedent was survived by his wife, Janet Del Guercio. On January 22, 1985 she filed a complaint seeking her elective share of his estate pursuant to N.J.S.A. 3B:8-1 et seq. and an evaluation of the same. Subsequently that complaint was amended demanding a declaration of a constructive trust in favor of the widow for a one-half interest in the residence of the decedent, and also declaration that the widow has a dower interest in the property and seeking an admeasurement of the same.
The facts necessary to the determination of the issues are undisputed. Janet and Fred Del Guercio were married September 3, 1969. By deed dated September 24, 1970 title to the property in question was taken by them as tenants by the entireties. On October 24, 1971, by bargain and sale deed, Janet Del Guercio conveyed her interest in the property to Fred Del Guercio. That deed contained no specific recitals as to the nature of the interest conveyed. During the summer of 1984 severe marital difficulties arose between husband and wife. On November 7, 1984 Janet left the marital residence and on *162 November 29, 1984 she instituted an action for divorce based upon extreme cruelty. Fred Del Guercio died before being served with process in that action.
After extensive discovery, Janet Del Guercio concedes that her claim for a widow's elective share under N.J.S.A. 3B:8-1 et seq. is moot. The "elective share" is one-third of the "augmented" estate. N.J.S.A. 3B:8-1. The augmented estate is defined in N.J.S.A. 3B:8-3. The value of the elective share is to be determined by the court and paid from the assets of the augmented estate. N.J.S.A. 3B:8-15. In calculating that value, the value of the surviving spouse's independently acquired property must first be deducted. N.J.S.A. 3B:8-18(a). If the value of her property is more than one-third of the augmented estate the surviving spouse gets nothing by election. In re Estate of Cole, 200 N.J. Super. 396, 403 (Ch.Div. 1984). It is conceded that the surviving wife's independently acquired property exceeds one-third of the decedent's augmented estate. There is no elective share to be awarded.
The argument for imposition of a constructive trust is based upon the 1971 deed of the wife's interest to the husband. It is urged that it was made in the context of the "confidential" relationship of husband and wife and the constant importuning of the husband that she make the transfer. Although there is the suggestion that somehow her will was overborne in this regard, there is no substantiation of it at all in the moving papers. Competent persons act based on motivations which seem compelling to them at the time. Courts will not inquire, 13 years after the fact, into those motivations when the parties themselves have not sought to undo the legal consequences of those acts in the intervening years. To give effect to that principle of non-intrusion into marital affairs, absent proof to the contrary, courts adopt the presumption that a gift of the interest was intended. Trotta v. Trotta, 103 N.J. Super. 295 *163 298 (App.Div. 1968). This court does the same. There is no legal basis for the imposition of a constructive trust.
Just as clearly as Janet Del Guercio is not entitled to an elective share or a constructive trust in one-half of the property is her entitlement to a dower interest.

N.J.S.A. 3B:28-1 provides, in pertinent part:
The widow ... of a person dying intestate or otherwise, shall be endowed for the term of her ... natural life of the one full and equal half part of all real property of which the decedent ... was seized of an estate of inheritance at any time during coverture prior to May 28, 1980 to which the widow .. . shall not have relinquished her right of dower .. . by deed duly executed and acknowledged in the manner provided by law to record deeds.
Janet Del Guercio is Fred Del Guercio's widow. He was seized of an estate of inheritance (the fee interest) during coverture. The devisees under the will argue, however, that the 1971 deed from Janet to Fred was a "relinquishment" of her inchoate dower interest as well. The law is otherwise.
In the first place, N.J.S.A. 37:2-18.1 provides that:
... a married woman may relinquish or release to her husband her right of dower in any real estate whereof her husband is seized of an estate of inheritance, by deed duly executed and acknowledged, in the manner provided by law for deeds to be recorded, or by deed conveying such estate of inheritance in said real estate ... by said wife to said husband wherein ... said wife's right of dower is specifically relinquished or released and thereafter said real estate may be conveyed, encumbered, devised, or otherwise disposed of, and shall descend, free and clear of any rights or estate of ... dower, but said real estate may descend to said ... widow ... in case of the death of the .. . husband intestate, in accordance with law, notwithstanding such relinquishment or relief.
As previously noted, the 1971 deed contained no such specific recital.
Secondly, in 1971 Janet Del Guercio did not have a right of inchoate dower in the property. She was a tenant by the entireties. The nature of the interest in real estate created by each is mutually exclusive. Prior to the October 24, 1971 deed, Janet was a tenant by the entirety and thus seized (in the peculiar nature of that estate) with a fee interest which had the *164 potential of vesting solely in her on the death of her husband. Dower is an interest which the law creates for the benefit of the widow in real estate which the husband held in his sole name. His death, which vests the fee in his wife under a tenancy by the entireties, cannot, on rational analysis, also vest a dower interest in the same property. See King v. Greene, 30 N.J. 395 (1959). After October 24, 1971 the property was solely his and dower did vest on his death. Girard Acceptance Corp. v. Stoop, 177 N.J. Super. 193 (Ch.Div. 1980).
Dower must be admeasured. N.J.S.A. 3B:28-1 and N.J.S.A. 3B:28-9 et seq. If the parties are unable to agree on that admeasurement they may apply to the court for relief under R. 4:63-1 et seq.
The widow, Janet Del Guercio, then argues that until dower is admeasured she has a right of quarantine preserved to her by N.J.S.A. 3B:28-8. The right of quarantine assumes that the wife is living in the home of her husband at the time of his death. This is clear from a plain reading of N.J.S.A. 3A:35-4 which provides that "... the widow ... may remain in, hold and enjoy the mansion house of ... her spouse...." Emphasis supplied. In the learned discussion of the nature of quarantine set forth in Davis v. Lowden, 56 N.J. Eq. 126, 133 (Ch. 1897), it is clear that from the time of Magna Carta an essential element of quarantine was that the widow not be deprived of something which she had immediately prior to her husband's death, viz., occupancy of the house. In this case that element is missing. For whatever reason, Janet Del Guercio had decided to live independently prior to her husband's death and had moved out of his house. She is not entitled to assert a right of quarantine.
Mr. Broadbelt will submit a judgment conformable to the foregoing within ten days and under R. 4:42-1(b).