622 A.2d 273

IN THE MATTER OF THE ESTATE OF HONORA
C. HOLLING, DECEASED.

Superior Court of New Jersey
Appellate Division

Submitted February 24, 1993—Decided March 30, 1993.

Before Judges KING, LANDAU and THOMAS.

*Purrazzella & Purrazzella,* attorneys for appellant, Laura A. Holling (*Joseph Purrazzella,* on the brief).

*Monte & Marriott,* attorneys for respondent, Harry C. Holling (*Louis J. Casagrande,* on the brief).

The opinion of the court was delivered by

LANDAU, J.A.D.

Defendant, Laura A. Holling, Executrix of the estate of Honora Holling, appeals from a probate order of the Chancery Division awarding to plaintiff, Harry B. Holling Jr., an elective share of $14,303.63. In calculating this elective share, the trial judge declined to consider the value of the marital home which had been owned by plaintiff and decedent as tenants by the entirety. We reverse and remand.

Honora C. Holling died testate on July 10, 1990. She was survived by her husband, Harry B. Holling, Jr., plaintiff, and by two children, Laura A. Holling and Harry B. Holling, III. Her

Last Will and Testament devised $1.00 to plaintiff and the balance of her estate, in equal shares, to her children. Plaintiff and the deceased owned a home located in Brick Township, N.J. as tenants by the entireties. Upon the death of Honora C. Holling, plaintiff became the sole owner of the property. The executor of the estate estimated the property value to be $99,334.23.

On December 17, 1990, plaintiff, Harry B. Holling, Jr. filed a complaint for his statutory elective share pursuant to *N.J.S.A.* 3B:18-15 and subsequently an Order to Show Cause why the relief sought in the complaint should not be allowed. The defendant filed an answer and simultaneously filed a letter memorandum in opposition, arguing that the marital home owned by plaintiff and the deceased as tenants by the entireties should be included in the augmented estate and also satisfy plaintiff's elective share.

The court heard argument on May 14, 1991 and determined that as the home passed to the plaintiff outside of any testamentary transfer, it was not to be included in the calculation of the augmented estate and plaintiff would be entitled to an elective share.

On September 12, 1991, plaintiff filed a Notice of Motion to fix the amount of the elective share. The appellant filed a letter memorandum in opposition, arguing that a plenary hearing is required to determine (1) whether the plaintiff and deceased cohabited in the past as man and wife, and (2) the amount and value of property owned by Mr. Holling in order to compute the value of the augmented estate.

The court heard oral argument on November 14, 1991 and directed plaintiff to respond via certification to appellant's allegations.

A certification responding to the *de facto divorce* allegations and setting forth assets was filed by the plaintiff on December 17, 1991. An order was entered on January 2, 1991, indicating plaintiff's entitlement to an elective share and providing further

that plaintiff's interest in any property held by plaintiff and the deceased as tenants by the entireties is not to be included in the elective share calculations. On March 3, 1992 the court below entered a final order determining the net value of the augmented estate to be $42,910.91 and plaintiff's elective share to be $14,303.63.

On appeal, defendant contends that under *N.J.S.A.* 3B:8–6(a), the marital home should have been included in the calculation of the augmented estate; that once the augmented estate was calculated, plaintiff's elective share was to be satisfied from plaintiff's interest in the marital home under *N.J.S.A.* 3B:8–18(a); that plaintiff made no disclosure of his independent assets and thus the court could not determine the extent to which plaintiff's independently owned property satisfied his elective share; and that the court should have declined to award an elective share or require a plenary hearing because sufficient facts were alleged to show that the decedent and plaintiff "ceased to cohabit as man and wife under circumstances which would have given rise to a cause of action for divorce or nullity of marriage". *N.J.S.A.* 3B:8–1.

We need consider only the contention respecting calculation of the elective share. *N.J.S.A.* 3B:8–1 gives a surviving spouse a right to elect a one-third share of the deceased spouse's "augmented estate". The "augmented estate" consists of the estate reduced by funeral and administration expenses, and enforceable claims, to which is added the value of:

(1) property which the decedent transferred without adequate consideration (*N.J.S.A.* 3B:8–3);

(2) property owned by the surviving spouse at the time of, or as a result of the decedent's death by means other than testate or intestate succession without adequate consideration (*N.J.S.A.* 3B:8–6(a)); and

(3) property which the surviving spouse transferred to third parties without adequate consideration (*N.J.S.A.* 3B:8–6(b)).

The value of elective share is to be determined by the court and satisfied from the assets of the augmented estate. (*N.J.S.A.* 3B:8–15). This provision may not be read alone, however. *N.J.S.A.* 3B:8–18 requires that the amount of the surviving spouse's elective share shall be satisfied by applying:

a. The value of all property, estate or interest therein, owned by the surviving spouse in his own right at the time of decedent's death from whatever source acquired, or succeeded to by the surviving spouse as a result of decedent's death notwithstanding that the property, estate or interest or part thereof, succeeded to by the surviving spouse as a result of the decedent's death has been renounced by the surviving spouse....

In *In re Estate of Cole,* 200 *N.J.Super.* 396, 491 *A.*2d 770 (Ch.Div.1984) Judge Cohen explained the application of *N.J.S.A.* 3B:8–18(a) to the calculation of the elective share:

The quoted language says two things. *The first is that the value of the survivor's own independently acquired property must be deducted from her calculated elective share. If it is greater than her share, she gets nothing more. If it is less, she gets the difference.*

\* \* \* \* \* \* \* \*

The second key statement in *N.J.S.A.* 3B:8–18(a) is that the value of the property coming to the survivor by reason of the decedent's death is deducted from her calculated share. That means, among other things, that if the decedent leaves anything to his spouse in his will or by non-testamentary transfer taking effect on death, its value is to be deducted from her share.

[200 *N.J.Super.* at 403–404, 491 *A.*2d 770.]

The court distinguished our elective share statute from the Uniform Probate Code provisions in that:

Our law grants that share only to the extent the spouse satisfies a test of need. Her need is measured by the amount by which the value of her own wealth *plus* death transfers of all kinds from the decedent is exceeded by the calculated value of one third of the augmented estate.

[200 *N.J.Super.* at 404, 491 *A.*2d 770].

In view of the clear language of *N.J.S.A.* 3B:8–18(a) and Judge Cohen's analysis in *Cole,* we find that the value of the marital home, allegedly $99,334.23, must be deducted from the plaintiff's elective share calculation whether or not any interest in the home is included in the calculation of the augmented estate under *N.J.S.A.* 3B:8–6. *See also In re Del Guercio Estate,* 206 *N.J.Super.* 159, 162, 501 *A.*2d 1072 (L.Div.1985).

On the present facts, compliance with *N.J.S.A.* 3B:8–18(a) appears to necessitate a finding that plaintiff's elective share has been fully satisfied if the property value is accurate. We remand to the trial court, however, for a finding as to the value of the marital home in order to confirm this view. It is unnecessary to consider defendant's other contentions.

Reversed and remanded for further proceedings consistent with this opinion.